Veterans of Foreign Wars Liquor License Case.

Argued March 22, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*James Iannucci,* Special Assistant Attorney General, with him *I. Harry Checchio,* Special Assistant Attorney General, *Thomas J. Shannon,* Assistant Attorney General, and *Walter E. Alessandroni,* Attorney General, for Pennsylvania Liquor Control Board, appellant.

*Colbert C. McClain,* for appellee.

OPINION BY SPAULDING, J., June 17, 1966:

This is an appeal by the Pennsylvania Liquor Control Board from an order of the Quarter Sessions Court of Philadelphia County reversing the Board's suspension of appellee's liquor license.

The Board based its suspension on the following findings:

"1. The licensed organization, by its servants, agents or employes sold alcoholic beverages on the licensed premises to non-members, on December 22, 1963.

2. Persons are admitted to membership in the licensed organization without written application, investigation or ballot."

The principal witness at the Board hearing and at the trial was police officer Joseph Liciardello. He testified that he was admitted to the club and purchased drinks there merely by paying a dollar and filling out an application form. The court's opinion states that this testimony "was given in a belligerent and defiant manner to such an extent that the court is loath to base a finding on his uncorroborated testimony." The

court then concluded that the officer's testimony was "too inconsistent and improbable upon which to base a finding."

We do not agree with this conclusion. We readily concede that the written record to which we are limited cannot present a totally accurate picture of the demeanor and credibility of a witness at trial. However, there is nothing in this record which disqualifies the testimony of the officer. His statements were not contradicted. They clearly establish a violation of the regulations which stipulate that no liquor may be sold by club licensees to nonmembers and that admission to membership shall be by written application, investigation and ballot. Act of April 12, 1951, P. L. 90, §§102, 406, as amended, 47 P.S. §§1-102, 4-406.

Moreover, two employees of the club, the doorman and the steward, substantially corroborated the waiving of formal admission requirements for officer Liciardello and the sale of liquor to him. These witnesses testified that it was the policy and custom of the club to admit any police officer to the premises, whereupon the officer was free to purchase drinks at the bar. Nothing in the relevant statutory provisions lends legality to this practice.

On a previous occasion we said, "the court below may not capriciously disregard competent evidence of violations by the licensee. Neither can it reverse the order of the Board unless it makes findings which are materially different from those of the board." *Lakewood Liquor License Case*, 198 Pa. Superior Ct. 169, 172 (1962). Here the court below ignored the evidence which clearly established the violations and based its reversal of the Board on a determination that the Commonwealth's primary witness testified in an inconsistent and improbable manner.

The order of the court below is reversed and the order of the Board is reinstated.