## Freedman Liquor License Case.

Argued September 18, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

reargument refused December 11, 1967.

*I. Harry Checchio,* Special Assistant Attorney General, with him *Paul J. Cody,* Special Assistant Attorney General, *Thomas J. Shannon,* Assistant Attorney General, and *William C. Sennett,* Attorney General, for Pennsylvania Liquor Control Board, appellant.

*Michael E. Wallace,* with him *A. Charles Peruto,* for appellee.

OPINION BY WRIGHT, J., November 16, 1967:

On December 15, 1966, after hearing, the Pennsylvania Liquor Control Board entered an order suspending for a period of ninety days the restaurant liquor license issued to Emanuel Freedman and Anne Freedman t/a Germantown Supper Club for premises at 5708 Germantown Avenue in the City of Philadelphia. This order was based on the following findings of fact: "1. The licensees, their servants, agents or employees permitted disorderly or improper conduct on the licensed premises on March 17, May 14, 15, 22, June 11, 12, 24, 1966. 2. The licensees, their servants, agents or employees permitted upon the licensed premises solicitation of patrons for immoral purposes on June 24, 1966. 3. The licensees permitted employees to contact and/or associate with patrons on the licensed premises on May 14, 15, June 11, 1966". The licensees appealed to the Court of Quarter Sessions of Philadelphia County which entered an order, July 5, 1967, sustaining the appeal as to the first two findings, dismissing the appeal as to the third finding, vacating the Board's order of suspension, and directing that the licensees pay a fine of $250.00. The Board has appealed to this court.

The disorderly and improper conduct upon which the Board based its case consisted of the presence and activities of homosexuals. We do not propose to detail the revolting testimony. Suffice it to say that it fully supports the factual findings made by the Board. As to the first finding, the learned hearing judge reasoned that, since public disturbance was not involved, "this is not the type of conduct which amounts to the crime of disorderly conduct." He reasoned further that the term improper conduct was too vague to satis-

fy due process requirements. Cf. *Tahiti Bar Liquor License Case*, 395 Pa. 355, 150 A. 2d 112. Evidence of similar activities "in another gay bar" was presented in *Anthony Wayne Bar & Restaurant Liquor License Case*, 42 Pa. D. & C. 2d 712, wherein the able President Judge SLOANE had no difficulty in finding that the testimony established disorderly and improper conduct. His order in that case sustaining a suspension by the Board was affirmed on appeal. See *Anthony Wayne Bar & Restaurant Liquor License Case*, 209 Pa. Superior Ct. 756, 230 A. 2d 918, allocatur refused 209 Pa. Superior Ct. xli.

As to the second finding, the learned hearing judge reasoned that the violations involved were of The Penal Code rather than of the Liquor Code, and that no evidence was adduced of personal knowledge by the licensees. Similar reasoning was considered and disapproved in *Sobel Liquor License Case*, 211 Pa. Superior Ct. 129, 235 A. 2d 622. As we stated in the *Sobel* case, it is readily apparent that the Board's order should not have been disturbed.

The order of the court below is reversed, and the order of the Board is reinstated.

HOFFMAN, J., dissents.