## 35th Ward Democratic Club, Inc. Liquor License Case.

Argued June 11, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*James Iannucci,* Special Assistant Attorney General, with him *I. Harry Checchio,* Special Assistant Attorney General, *Thomas J. Shannon,* Assistant Attorney General, and *William C. Sennett,* Attorney General, for Pennsylvania Liquor Control Board, appellant.

*Leo H. Loffel,* for appellee.

OPINION BY WRIGHT, P. J., September 12, 1968:

On October 16, 1967, after hearing, the Pennsylvania Liquor Control Board entered an order suspending for a period of thirty days the club liquor license issued to the 35th Ward Democratic Club, Inc., for premises at 6053-55 Castor Avenue in the City of Philadelphia. This order was based upon the following finding of fact: "The licensed organization, by its servants, agents or employes sold liquor and/or malt or brewed beverages on the licensed premises to nonmembers, on September 25, October 2, 3, 16, November 13, and 18, 1966". The licensee appealed to the Court of Quarter Sessions of Philadelphia County which tribunal reduced the suspension from thirty days to ten days. The Board has appealed to this court.

The history of the licensed premises includes four prior suspensions for sales to nonmembers. The suspension presently under consideration is based on a factual situation about which there is no serious dispute. An enforcement officer of the Board was a visitor in the licensed premises on the dates stated in the Board's finding. Twice he was admitted as a guest of a club member. On those first two visits, actually comprising three dates as hereinafter explained, the doorman requested that he sign a guest book. The officer thereafter went to the bar unaccompanied and purchased a number of alcoholic drinks. On each of the next three dates the officer found the club door open, entered the premises, went to the bar, and purchased alcoholic drinks without question or challenge from anyone.

Appellant's brief states that this appeal presents the following question: "Is it a violation of the Liquor Code for a club licensee to permit a nonmember to enter the licensed premises, sign a guest book and purchase alcoholic beverages?" In appellee's brief the

question involved is stated as follows: "Is it a violation of the Liquor Code for a club to sell alcoholic beverages to a bona fide guest who has properly been admitted to the club premises as a guest of a member?"

In whichever manner the question is stated, it is our view that an affirmative answer is required by the plain language of the Liquor Code. Act of April 12, 1951, P. L. 90, 47 P.S. 1-101 et seq. Section 406 of the Code (47 P.S. 4-406) contains the following provision: "No club licensee nor its officers, servants, agents or employes, other than one holding a catering license, shall sell any liquor or malt or brewed beverages to any person except a member of the club". In a number of decisions of this court it has been flatly ruled that a sale by a club licensee to a nonmember is a violation of the Code. See *Penelope Club Liquor License Case*, 136 Pa. Superior Ct. 505, 7 A. 2d 558; *Commonwealth v. Hamilton*, 148 Pa. Superior Ct. 169, 24 A. 2d 656; *Lehigh Valley Brewery Workers Home Association Liquor License Case*, 154 Pa. Superior Ct. 141, 35 A. 2d 561; *I.B.P.O.E. Liquor License Case*, 163 Pa. Superior Ct. 395, 62 A. 2d 68; *Southern Outing Club of Pittsburgh Liquor License Case*, 166 Pa. Superior Ct. 555, 72 A. 2d 600; *Italian Citizens National Association of America Liquor License Case*, 178 Pa. Superior Ct. 213, 115 A. 2d 881; *Veterans of Foreign Wars Liquor License Case*, 208 Pa. Superior Ct. 78, 220 A. 2d 407.

In the case at bar appellee persuaded the court below that the officer was a bona fide guest on the first three dates, and that purchases by a bona fide guest do not constitute violations. As previously indicated, the Code has not been so interpreted. The prohibition against sales "to any person except a member of the club" could not be more explicit. The legislature could readily have added the word "guests"

had it seen fit to do so. In fact, Section 406 of the Code does use that word in connection with sales by hotels. In the *Penelope* case, supra, 136 Pa. Superior Ct. 505, 7 A. 2d 558, this court rejected an argument that the word "guests" as used in the earlier Pennsylvania Liquor Control Act of June 16, 1937, P. L. 1762, applied to sales by clubs as well as to sales by hotels. It is not without significance that the 1951 reenactment affirmed the position taken by this court in the *Penelope* case.

Appellee argues that "to hold that a sale to a bona fide guest is a violation would have the practical effect of requiring clubs to forbid guests on the premises. For otherwise, a club could only protect itself against such violation by either having an attendant follow each guest or requiring the bartenders to know personally each member of the club". The answer lies in the proposition that individual members of a club who invite guests into the club premises must assume responsibility that those guests will not jeopardize the club license. It was clearly the legislative intent to set up provisions for clubs which give them rights not possessed by other retail licensees. If the club licensee wishes to have these additional privileges, it must abide by the limitations imposed. To accept appellee's argument would be tantamount to placing clubs in direct competition with restaurant and hotel licensees. We do not believe that such a result was intended by the legislature.

The law is well settled that the court below may not change or modify a penalty imposed by the Board unless it finds a different set of facts: *Maple Liquor License Case,* 207 Pa. Superior Ct. 237, 217 A. 2d 859. In liquor license cases, the court below may not capriciously disregard competent evidence of violations nor may it reduce the penalty imposed by the Board because it is considered too severe: *Belvedere Literary*

*Club Liquor License Case,* 210 Pa. Superior Ct. 507, 234 A. 2d 59. We are not in accord with appellee's contention that, in the case at bar, the court below actually made findings of fact different from those of the Board.

It is true, as appellee argues, that the court below found that the officer was a bona fide guest on three of the dates stated by the Board, also that there were five occasions involved and not six as stated by the Board. However, the erroneous conclusion of the lower court that the officer was entitled to make purchases as a bona fide guest did not properly constitute a variance from the finding of the Board. We have already demonstrated that the sales to the officer constituted violations of the Code. Nor was the finding of the court below as to the number of occasions a material variance from the Board's finding. The court below simply considered two consecutive dates, before and after midnight, as one "occasion". The officer testified that, on October 2, 1966, he entered the club at 11:00 P.M., and purchased three drinks prior to midnight. On October 3, 1966, at 12:05 A.M. and again at 12:20 A.M., he purchased additional drinks. Sales were therefore made on both October 2 and 3, as the Board found, and the court below did not find otherwise.

The order of the court below is reversed, and the order of the Board is reinstated.