Greensburg Lodge No. 1151, Loyal Order of
Moose, Liquor License Case.

Argued November 13, 1969. Before WRIGHT, P. J.,
WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING,
and CERCONE, JJ.

*A. Miller,* Special Assistant Attorney General, with
him *John W. Pollins, III,* Special Assistant Attorney

General, *Thomas J. Shannon,* Assistant Attorney General, and *William C. Sennett,* Attorney General, for Pennsylvania Liquor Control Board, appellant.

*Dante G. Bertani,* for appellee.

OPINION BY WATKINS, J., December 10, 1969:

This is an appeal by the Pennsylvania Liquor Control Board from the decree of the Court of Quarter Sessions of Westmoreland County reversing the Board's order of a ten day suspension of the club liquor license of the Greensburg Lodge No. 1151, Loyal Order of the Moose.

On October 31, 1967, the Pennsylvania Liquor Control Board issued its citation against the club licensee alleging that the licensee sold to nonmembers on or about September 3, 24, 1967, in violation of Section 406(a) of the Liquor Code, 47 P.S. 4-406(a).

On March 12, 1968, the Board received a Waiver, Admission and Authorization to enter a final order without hearing dated February 20, 1968, signed by the secretary of the corporation, properly acknowledged, together with a certified copy of a corporate resolution authorizing the secretary to execute the said Waiver, Admission and Authorization.

The form in question reads as follows:

"I do hereby acknowledge receipt of Citation No. 1643, 1967, and do waive the hearing fixed therein, subject to the approval of the board. All the charges averred in said citation are admitted and you are authorized without hearing to enter a final order and decree."

The Waiver in question is authorized by the regulatory power of the Board as set forth in Section 207 of the Code, 47 P.S. 2-207(i).

"Section 207. General Powers of Board—Under this act, the board shall have the power and its duty shall be:

"(i) From time to time, to make such regulations not inconsistent with this act as it may deem necessary for the efficient administration of this act. The board shall cause such regulations to be published and disseminated throughout the Commonwealth in such manner as it shall deem necessary and advisable or as may be provided by law. Such regulations adopted by the board shall have the same force as if they formed a part of this act."

Regulation 138 adopted by the Board reads as follows:

"Section 138.07. Waivers, Admissions and Authorizations.

"A. A licensee whose license shall have been cited to show cause why it should not be suspended or revoked may waive the hearing fixed thereon. Such waiver shall constitute an admission of the charges contained in the citation and an authorization to the board to enter without hearing such final order or decree as it shall deem appropriate.

"B. All waivers by corporate licensees or unincorporated associations licensees shall be accompanied by a resolution under the seal of the corporation or association authorizing the submission of such waiver.

"C. Such waivers shall be in a form prescribed by the board. Forms therefor shall be available at all District Offices of the board."

The Board then issued its order on April 1, 1968, suspending the said club liquor license for a period of ten days finding as a fact, as admitted, that:

"The licensed organization, by its servants, agents or employes sold liquor and/or malt or brewed beverages on the licensed premises to non-members, on or about September 3, 24, 1967, and on divers other occasions within the past year."

The club appealed and obtained a supersedeas on April 19, 1968. The case was tried de novo and the

court below sustained the appeal and reversed the Board. This appeal by the Board followed. The court below found that the finding of the Board is not supported by competent evidence. By so finding the court below capriciously disregarded entirely the evidence of Officer Brown of the Board who testified to the times, place, and the individual who served him. The court below talks about a "reasonable doubt in the mind of this court" when the de novo hearing is a civil proceeding and the burden of the Commonwealth is to establish the violations by a fair preponderance of the evidence. *35th Ward Democratic Club, Inc. Liquor License Case,* 213 Pa. Superior Ct. 13, 16, 245 A. 2d 713 (1968).

The court further erred in refusing to admit into evidence the executed and acknowledged Waiver supported by the corporate resolution by virtue of which the order was made without hearing. This was substantive evidence, Judge SPAULDING in the *Belvedere Literary Club Liquor License Case,* 210 Pa. Superior Ct. 507, 234 A. 2d 59 (1967), so held and quoted with approval at page 511 the opinion expressed in *Appeal of Halprin,* 61 Lack. Jur. 45, 47, 48 (1959) involving a Waiver:

"To accept any such repudiation of a prior deliberately executed waiver and admission of a set of facts would open the way to serious fraud, would unduly handicap the Liquor Control Board in the conduct of its functions of policing the trade, and would place unending burdens on the Courts. . ."

The decree of the Court of Quarter Sessions of Westmoreland County is reversed and the order of the Liquor Control Board reinstated.