In the Matter Of: Ciro's Lounge, Inc., 1436 Snyder Avenue, Philadelphia, Pa. 19145. Ciro's Lounge, Inc., Appellant.

Submitted on briefs, April 9, 1976, to Judges CRUM-LISH, JR., MENCER and ROGERS, sitting as a panel of three.

*A. Charles Peruto,* for appellant.

*J. Leonard Langan,* Assistant Attorney General, with him *Harry Bowytz,* Chief Counsel, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., May 24, 1976:

Ciro's Lounge, Inc. (Appellant) presses but one argument in this appeal from an order of the Philadelphia Court of Common Pleas which affirmed an order of the Pennsylvania Liquor Control Board (Board) revoking Appellant's liquor license for operating its premises in a disorderly manner. The sole question presented for our determination is whether a finding by the Board of a single act of disorderly conduct on a licensed premises is sufficient to revoke a license of Appellant. There is no factual dispute that the shooting by the proprietor of Appellant of a patron did occur while the proprietor was attempting to remove the boisterous patron following a dispute.

In *Petty Liquor License Case,* 216 Pa. Superior Ct. 50, 258 A. 2d 874 (1969), the Superior Court faced the issue of whether noisy and disorderly conduct, in and of itself, was sufficient to impose a suspension upon a licensee and stated:

"Section 471 of the Liquor Code, Act of April 12, 1951, P.L. 90, as amended, 47 P.S. 4-471, reads in pertinent part as follows (italics supplied) : 'Upon learning of any violation of this act or any laws of this Commonwealth relating to liquor, alcohol or malt or brewed beverages, or of any regulations of the board adopted pursuant to such laws . . . *or upon any other sufficient cause shown,* the board may . . . cite such licensee to appear before it. . . . Upon such hearing, if satisfied that any such violation has occurred *or for other such sufficient cause,* the board shall immediately suspend or revoke the license. . . .' The court below reasoned that there is no section in the Liquor Code which specifically relates to the conduct of an establishment 'in a noisy and/or disorderly manner,' nor is there any regulations of the Board in that regard. It is important to note that the court below did not find that the premises were not conducted in a noisy and/or disorderly manner.

"In Reiter Liquor License Case, 173 Pa. Superior Ct. 552, 98 A. 2d 465, this Court expressly stated that conducting the licensed premises in a noisy and disorderly manner was one of the conditions which constitute 'other sufficient cause' for which a license may be revoked.

"In Maple Liquor License Case, 207 Pa. Superior Ct. 237, 217 A. 2d 859, the Board's order of suspension was based upon four findings of fact, the third of which was that the licensed establishment 'was conducted in a noisy and/or disorderly manner.' We sustained an appeal by the Board from an order of the County Court of Allegheny County reducing the period of suspension.

"In Freedman Liquor License Case, 211 Pa. Superior Ct. 132, 235 A. 2d 624, the Board's order of suspension was based on three findings of fact, the first of which was that the licensees 'permitted dis-

orderly or improper conduct on the premises.' The Court of Quarter Sessions of Philadelphia County sustained an appeal by the licensees as to this finding on the ground that public disturbance was not involved, and that the terms employed were too vague to satisfy due process requirements. We reversed the action of the lower court, and our Supreme Court refused allocatur. 211 Pa. Superior Ct. xxxvii.

"In the case at bar, we expressly reiterate that the conduct of a licensed establishment in a noisy and/or disorderly manner is sufficient cause for suspension of the license, and that the Board has power and authority under Section 471 to enter an order of suspension on that ground. Broadly viewed, this accords with the legislative mandate in Section 104(a) of the Liquor Code (47 P.S. 1-104) which provides: 'This act shall be deemed an exercise of the police power of the Commonwealth for the protection of the public welfare, health, peace and morals of the people of the Commonwealth ... and all of the provisions of this act shall be liberally construed for the accomplishment of this purpose.' " *Petty Liquor License Case, supra,* 216 Pa. Superior Ct. at 57-59, 258 A. 2d at 875-876.

We agree with *Petty* that Section 471, in providing for suspension and revocation *upon any other sufficient cause,* is broad enough to include noisy and disorderly conduct generally.[1] However, where noise and disorderly conduct are isolated, and not of a relatively continuous nature causing disturbance and effrontery to the public welfare, peace and morals, Section 471 should not be the basis for suspension or revocation of a liquor license.

---

1. Our agreement with *Petty's* holding is confined to the posture before us in which no constitutional attack is lodged upon the validity of Section 471. In *Petty,* Judge CERCONE'S vigorous and lengthy dissent points up the possible constitutional infirmity of vagueness in the *upon any other sufficient cause* language.

Operation of a licensed premises, like the operation of any other business, is subject to isolated occurrences which do not project a true overall image of the character of the business. Section 471, as interpreted in *Petty,* is pointed to recurrent noise and disorder.

Reversed.

Judge KRAMER did not participate in the decision in this case.