Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* James A. Hays, t/d/b/a E & H Auto Repair, Appellee.

Argued May 4, 1978, before Judges MENCER, ROGERS and DiSALLE, sitting as a panel of three.

*Harold H. Cramer,* Assistant Attorney General, with him *John L. Heaton,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellant.

*Jack A. Wintner,* for appellee.

OPINION BY JUDGE DiSALLE, July 13, 1978:

This is an appeal from an order of the Court of Common Pleas of Allegheny County sustaining an appeal by James A. Hays (Appellee) from an order of the Acting Director of the Bureau of Traffic Safety (Commonwealth) suspending the inspection station privileges of Appellee.

On April 16, 1975, Trooper David Hega observed that the current inspection sticker on a parked vehicle was not dated. The sticker indicated that Appellee had inspected the vehicle and a check of Appellee's records showed the inspection was made on March 27, 1975. When he re-inspected the vehicle, Trooper Hega discovered a rusted out area in the seam of the trunk, and he thereupon cited Appellee for performing a faulty inspection. Appellee received notification on June 16, 1975, that his Certificate of Appointment to inspect vehicles had been suspended for a three month period effective immediately pursuant to Sections 819 and 834 of the Vehicle Code (Code), Act of April 29, 1959, P.L. 58, *as amended,* 75 P.S. §§819 and 834. Appellee appealed the suspension to the court below and, after a hearing de novo, the Court sustained Appellee's appeal.

Our scope of review where the lower court hears the matter de novo is limited to a determination of whether or not the court based its findings of fact on substantial evidence or committed an error of law. *Department of Transportation, Bureau of Traffic Safety v. Kobaly,* 22 Pa. Commonwealth Ct. 46, 347 A.2d 759 (1975).

The Commonwealth claims that Appellee violated two sections of the Official Inspection Station Rules and Regulations, 3 Pa. Bulletin 2818 et seq; in that: (1) he failed to date the sticker; and (2) he failed to find the rusted area in the trunk. The Appellee argues that failure to place the date of inspection on the sticker was a de minimis violation of Section 5.16B.1, 3 Pa. Bulletin 2866. Appellee further argues that the alleged violation of Section 5.9A.3, 3 Pa. Bulletin 2859, relating to the rusted through areas in the trunk was not proved by the Commonwealth.

Section 5.9A.3 provides:

> Floor pans rusted through, so as to present a hazard to occupants by permitting passage of exhaust gases into the body of the car, must be repaired or replaced. Floor mats and trunk mats must be raised for this examination whenever excessive rust or suspicious evidence is noticed from an examination under the vehicle.

A careful review of the lower court's opinion fails to disclose whether the court found a violation of this section by Appellee.

In a de novo proceeding, if the court's findings of fact are materially at variance with the agency's findings, it may change or modify the penalty. However, if the lower court's findings do not substantially differ from the violations found by the administrative agency whose actions are being reviewed, then the lower court may not disturb the penalty imposed. *Department of Transportation, Bureau of Traffic Safety v. Verna,* 23 Pa. Commonwealth Ct. 260, 351 A.2d 694 (1976); *35th Ward Democratic Club, Inc. Liquor License Case,* 213 Pa. Superior Ct. 13, 245 A.2d 713 (1968).

It is therefore incumbent upon the lower court to make specific findings of fact from the evidence adduced at the hearing, and then to enter a final order consonant with such findings. Since we cannot discern from the opinion of the lower court whether it found that Section 5.9A.3 had been violated, we must remand this case for further proceedings consistent with this opinion.

### ORDER

AND Now, this 13th day of July, 1978, the above captioned case is remanded to the lower court for proceedings consistent with this opinion.