In Re: Revocation of Restaurant Liquor License No. R-9606 and Amusement Permit No. AP-23526 Issued to A-J-C, Inc. et al. A-J-C, Inc., Appellant.

Argued April 2, 1979, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*William G. Sherr,* with him *Howard N. Stark,* for appellant.

*David Shotel,* Assistant Attorney General, with him *Kenneth W. Makowski,* Acting Chief Counsel, for appellee.

OPINION BY JUDGE ROGERS, May 15, 1979:

A-J-C, Inc., which owns and operates Andy's Tavern, has appealed from an order of the Court of Common Pleas of Lehigh County upholding, after a de novo hearing, an order of the Pennsylvania Liquor Control Board revoking the appellant's restaurant liquor license. The offenses charged to A-J-C were that its establishment was conducted in a noisy and disorderly manner on February 22, 1975[1] and that on

---

[1] Noisy and disorderly conduct was held to constitute a sufficient basis upon which to suspend or revoke a liquor license under Section 471 of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-471 in *Petty Liquor License Case,* 216 Pa. Superior Ct. 55, 258 A.2d 874 (1969).

another occasion the licensee's sole corporate officer and shareholder, Charles Roskow, had entered a plea of nolo contendere to a charge of aggravated assault for which he was assessed $500.00 in lieu of a fine and was placed on probation for 3 years. We affirm.

The appellant first argues that the court below erred in upholding the revocation of its license because proof of an isolated instance of noisy and disorderly conduct is an insufficient ground upon which to base the revocation or suspension of a liquor license, citing *In re Ciro's Lounge*, 24 Pa. Commonwealth Ct. 589, 358 A.2d 141 (1976). We disagree. The revocation of appellant's license was based on proof of two charges: one concerning the noisy and disorderly conduct and another concerning Charles Roskow's plea of nolo contendere to a charge of aggravated assault. Furthermore, the noisy and disorderly conduct here in question involved not only a domestic quarrel between Roskow and his wife but also a scuffle between Roskow and two police officers. The following narrative, taken from the opinion of the court below, describes the facts surrounding the charge of noisy and disorderly conduct:

[O]n the evening of February 22, 1975, at about 10:40 P.M. Officer Thomas Bennis and Officer Laurence Dugan of the Allentown Police were summoned to the licensee's premises. As the officers entered the tavern they were met by the appellant who, using abusive language, told them they weren't wanted at his establishment. It soon became apparent that the officers had entered upon a domestic squabble between the appellant and his wife, whom the officers found standing alongside the bar with blood on the right side of her head. The appellant, described by Officer Bennis as 'disheveled,' 'belligerent,' and 'repeating himself,'

continued his invective against the policemen for approximately ten minutes when he said 'I don't want you f------ creeps in here.' At this point Officer Bennis attempted to arrest the appellant for disorderly conduct and public drunkenness. The appellant resisted, and a scuffle ·ensued during which the appellant attempted to strike Officer Bennis with a chair but was prevented from doing so by a patron; the appellant received a head wound when Officer Bennis struck him with a flashlight. During this incident there were approximately fifteen patrons in the dimly lighted bar.

We believe that this noisy and disorderly conduct could be described as "of a relatively continuous nature causing disturbance and effrontery to the public welfare, peace and morals. . . ." *Ciro's Lounge, supra,* at 592, 358 A.2d at 143.

Appellant's second argument is that the court below erred in admitting in this liquor license proceeding, evidence of the plea of nolo contendere which Roskow made to a charge of aggravated assault growing out of another incident. Again, we disagree. In *State Dental Council and Examining Board v. Freidman,* 27 Pa. Commonwealth Ct. 546, 367 A.2d 363 (1976), we held that a plea of nolo contendere to mail fraud was admissible in a license suspension case before the Dental Board. Speaking for the Court, Judge MENCER stated:

[W]e are not here dealing with a civil suit to enforce individual rights. Rather, we are dealing with an administrative agency of the sovereign which seeks to carry out its duty to protect the citizens of the Commonwealth by regulating the conduct of its licensees. It is the interests of many rather than the interests of few which impels the Board.

27 Pa. Commonwealth Ct. at 550, 367 A.2d at 366.
We believe that the court below properly admitted evidence of Roskow's plea of nolo contendere.

The appellant's final argument is that Section 471 of the Liquor Code, 47 P.S. §4-471 authorizing revocation of a liquor license "upon any other sufficient cause shown" is unconstitutionally vague, indefinite and overbroad. We upheld the constitutionality of this provision against the same attack in the recent case of *In re Quaker City Development Co., Inc.*, 27 Pa. Commonwealth Ct. 13, 365 A.2d 683 (1976).

Order affirmed.

### ORDER

AND Now, this 15th day of May, 1979, the order of the Court of Common Pleas of Lehigh County dated December 14, 1977 affirming the revocation of Restaurant Liquor License No. R-9606 and Amusement Permit No. AP-23526 issued to A-J-C, Inc. is affirmed.