In the Matter of the Revocation of Distributor License No. D-1970, Issued To Richland Distributors, Inc., 1728 Bedford Street, Johnstown, Pennsylvania, 15902. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

Argued May 10, 1979, before Judges WILKINSON, JR., BLATT and DiSALLE, sitting as a panel of three.

*David Shotel,* Assistant Attorney General, with him *Kenneth W. Makowski,* Acting Chief Counsel, and *Gerald Gornish,* Acting Attorney General, for appellant.

*Raymond J. Zadzilko,* with him *Smorto & Persio,* for appellee.

OPINION BY JUDGE WILKINSON, JR., June 22, 1979:

This is an appeal from an order of the Court of Common Pleas of Cambria County which reversed an order by the Pennsylvania Liquor Control Board (Board) which fined appellee for selling beer to a minor. We affirm.

On June 8, 1977 the Board issued a citation to appellee alleging that it had sold beer to minors "on or about April 15 and May 5, 1977 and on divers other occasions within the past year." A hearing was held on September 23, 1977 by the Board, which issued an order on November 4, 1977 sustaining the citation and fining the appellee $350.00. Appellee appealed; the court of common pleas reversed; this appeal followed.

The Board asserts that there was sufficient evidence for the Board to conclude that appellee had sold liquor to a minor and consequently it was an abuse of discretion for the trial court to find otherwise. We disagree.

Section 471 of the Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-471, says in pertinent part that "[u]pon appeal, the court so appealed to shall, in the exercise of its discretion, sustain, reject, alter or modify the findings, conclusions and penalties of the board, based on the findings of fact and conclusions of law as found by the court."

This has been interpreted several times to mean that:

> Pursuant to this section the lower court on appeal is required to hold hearing *de novo,* make its own findings of fact and conclusions of law and then in the exercise of *its own* discretion either sustain, reverse, or modify the action taken by the Board. The court is in no way limited either by statute or by case authority to a review of the Board's discretion, but rather makes a completely independent determination of all facets of the case in rendering its own decision. (Emphasis in original.)

*Noonday Club of Delaware County, Inc. Liquor License Case,* 433 Pa. 458, 467, 252 A.2d 568, 573 (1969); *Barone's, Inc. v. Pennsylvania Liquor Control Board,* 10 Pa. Commonwealth Ct. 563, 566, 312 A.2d 74, 75 (1973); *Pennsylvania Liquor Control Board v. Latrobe Armed Services Association,* 16 Pa. Commonwealth Ct. 199, 202, 329 A.2d 549, 551 (1974).

The court below, after its hearing, simply found the appellee's clerk more credible than the minors who made the alleged purchases. The court also gave weight to the facts brought out in the hearing that the minor could not remember the day, week or month of the alleged purchase on April 15, 1977 and that the clerk was not confronted by the minor until 18 days after the alleged purchase on May 5, 1977. It is the court's prerogative to "make its own findings of fact and conclusions of law." *Noonday, supra.* After a review of the record we conclude that there is competent evidence on which the trial court made its findings.

Accordingly, we will enter the following

ORDER

AND Now, June 22, 1979, the order of the Court of Common Pleas of Cambria County, dated May 2, 1978, No. 1977—Misc. No. 112 is hereby affirmed.