In the Matter of Revocation of Restaurant Liquor License No. R-12122 and Amusement Permit No. AP-12122, Issued to—Arthur A. Banks, Otto's Atmosphere II. Arthur A. Banks, Appellant.

Argued April 8, 1981, before President Judge CRUMLISH and Judges BLATT and MACPHAIL, sitting as a panel of three.

*Norman M. Yoffe, P.C.,* for appellant.

*Patrick M. McHugh,* Assistant Attorney General, with him *James J. Fitzgerald, III,* Chief Counsel, for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, June 3, 1981:

Otto's Atmosphere II appeals an order of the Dauphin County Common Pleas Court which affirmed an order of the Pennsylvania Liquor Control Board assessing a $400 fine against Otto's for (1) operating its premises in a disorderly manner, and (2) serving a visibly intoxicated person. Affirmed in part and reversed in part.

On April 26, 1979, an agent for the Liquor Control Board visited Otto's, a licensed premises in Harrisburg. From a vantage point of 40 to 50 feet from the tavern, the agent heard music emanating from Otto's juke box.

On May 4, 1979, the same agent revisited the premises and observed a man sleeping at the bar. The agent sat next to the somnolent patron and, after engaging him in conversation, concluded that the patron was intoxicated. The patron then ordered, and was served, a quart of beer "to go."

As to the Board's charge that Otto's was guilty of serving a visibly intoxicated person, we must agree. The agent testified that the somnolent person spoke with slurred speech, was incapable of formulating intelligent responses to simple questions, had bloodshot eyes, and on occasion leaned over and slumped upon the agent's shoulder. It cannot be seriously contended that the veteran agent could not have concluded that the patron was intoxicated.

Pressing our inquiry further, however, we also note that a partial basis for the $400 fine was a finding that Otto's was operated in a "noisy and disorderly manner."

We have held in the past that to be in violation of Section 471 of the Liquor Code[1] a licensed premises must be operated in a noisy and disorderly fashion on a routine basis. *In the Matter of: Ciro's Lounge*, 24 Pa. Commonwealth Ct. 589, 358 A.2d 141 (1976). In *Hude v. Commonwealth*, 55 Pa. Commonwealth Ct. 1, 423 A.2d 15 (1980), two occasions of noisy operation warranted a fine.

In the instant appeal, the record indicates only one instance of noisy operation.[2] This, in and of itself, is not evidence that Otto's was operated in a noisy and disorderly manner. We reverse that part of the lower court's findings but remand for a determination of what portion of the $400 fine was attributable to the erroneous finding of a noisy and disorderly operation.

Affirmed in part; reversed in part.

### Order

The Dauphin County Common Pleas Court order dated June 4, 1980 is hereby affirmed insofar as it concluded that Otto's Atmosphere II violated Section 471 of the Pennsylvania Liquor Code by serving a visibly intoxicated person. The order is hereby reversed insofar as it found Otto's Atmosphere II operating in a noisy and disorderly manner and remanded to the trial court for proceedings consistent with the latter portion of this Opinion.

---

[1] Section 471 of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §4-471.

[2] Although the agent testified that on his second visit he found the bar to be noisy, he made no mention that the noise could be heard outside the premises. *See* 40 Pa. Code §5.32(a).