DePearl Corporation, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* DePearl Corporation, Appellee.

Argued November 16, 1981, before Judges WILLIAMS, JR., MACPHAIL and PALLADINO, sitting as a panel of three.

*Abe Lapowsky,* for appellant, DePearl Corporation.

*David Shotel,* Assistant Counsel, with him *J. Leonard Langan,* Chief Counsel, for appellee, Pennsylvania Liquor Control Board.

OPINION BY JUDGE WILLIAMS, JR., March 4, 1982:

Before us are cross-appeals from a decision of the Court of Common Pleas of Delaware County. The court affirmed an order of the Pennsylvania Liquor Control Board (Board) revoking licensee DePearl Corporation's (DePearl) restaurant liquor license and directing forfeiture of bonds.

On September 13, 1978 the Board issued a citation against DePearl, alleging that the licensed corporation had falsified its restaurant liquor license applications for the years 1969 through 1978, in violation of Section 403(h) of the Liquor Code.[1] Specifically, the Board charged that DePearl, through its agents, had intentionally made false statements in the aforesaid applications by failing to set forth therein one Frank H. Miller's financial interest in the licensed business.

On April 30, 1979, following hearings held before an examiner, the Board issued its opinion, wherein it made the following findings of fact:

1. The licensed corporation was not the only one pecuniarily interested in the operation

---

[1] Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §4-403(h). This section provides:

If any false statement is intentionally made in any part of the application, the affiant shall be deemed guilty of a misdemeanor and, upon conviction, shall be subject to the penalties provided by this article.

In addition, we note that Section 404 of the Liquor Code, 47 P.S. §4-404, which governs the issuance of restaurant liquor licenses, provides in pertinent part:

Upon receipt of the application, the proper fees and bond, and upon being satisfied of the truth of the statements in the application that the applicant is the only person in any manner pecuniarily interested in the business so asked to be licensed and that no other person will be in any manner pecuniarily interested therein during the continuance of the license ..., the board shall, in the case of a hotel or restaurant, grant and issue to the applicant a liquor license....

of the licensed business in that it was owned by one Frank H. Miller.

2. The licensee falsified its Applications for Restaurant Liquor License for the license years expiring October 31, 1969, 1970, 1971, 1972, 1973, 1974, 1975, 1976, 1977, and 1978.

In accordance with these findings, the Board entered an order revoking DePearl's liquor license and directing forfeiture of bonds filed with DePearl's license applications for the years 1975, 1976, 1977, and 1978. An appeal by the licensee to the Court of Common Pleas of Delaware County followed.

At the *de novo* hearing[2] before the court below, the Board sought to introduce into evidence, *inter alia*, a certified copy of a plea agreement, purportedly signed by Frank Miller, entitled "Memorandum of Understanding." In this document, Miller entered a plea of guilty to a federal indictment charging him with acquiring assets, including DePearl Corporation, with proceeds derived from a pattern of racketeering activities. In addition, Miller agreed to forfeit to the United States his ownership interest in and control over DePearl. The guilty plea agreement was the only evidence proffered by the Board in support of its charge that Miller was financially interested in the licensed business. Over the objections of counsel for DePearl, the Memorandum of Understanding was admitted into evidence.

---

[2] Pursuant to Section 471 of the Liquor Code, 47 P.S. §4-471, the lower court, on appeal from a liquor license revocation, is required to hold a hearing *de novo*, make its own findings of fact and conclusions of law, and then, in the exercise of its own discretion, either sustain, reverse, or modify the action taken by the Board. *Noonday Club of Delaware County, Inc. Liquor License Case*, 433 Pa. 458, 252 A.2d 568 (1968); *Richland Distributors, Inc. Liquor License Case*, 43 Pa. Commonwealth Ct. 505, 403 A.2d 153 (1979).

On June 9, 1980 the lower court entered an order dismissing DePearl's appeal and revoking its liquor license. Although the court found, as did the Board, that Frank H. Miller was the owner of the licensed business and that the licensee had falsified its applications for the years 1969 through 1978, it directed forfeiture of bonds filed for the years 1976 and 1978 only.

In its opinion filed in support of the aforesaid order, the lower court concluded that the Memorandum of Understanding was admissible as a declaration against the penal and proprietary interests of Frank H. Miller. In addition, the court determined that this document fell within the official record exception to the hearsay rule provided by Sections 6103 and 6104 of the Judicial Code.[3]

Both DePearl Corporation and the Board have appealed to this Court from the decision of the court below. In its appeal, DePearl maintains, on several grounds, that the document in question was erroneously admitted into evidence. The Board's appeal concerns the failure of the lower court to include in its order the forfeiture of the licensee's bonds filed for the years 1975 and 1977.[4]

We agree with the licensee that the Memorandum of Understanding was improperly admitted into evidence by the court below. The parties, both in their briefs and in oral argument before us, have vigorously contested the numerous hearsay problems which are presented by the facts of this case. We need not discuss these issues, however, in light of our conclusion

---

[3] 42 Pa. C. S. §§6103, 6104.

[4] In its opinion, the court below stated: "By inadvertance [sic] we did not include in the Order of June 9th a forfeiture of the bonds for those years. Accordingly, to that extent, the Order of June 9, 1980, should be amended." The record before us does not indicate why the court failed to take such action.

that the Board failed to establish the legal relevancy of the document in question.

It is fundamental in the law of evidence that, when a writing purporting to be of a certain authorship is offered into evidence, there must be some proof of the genuineness, or execution of it. 7 J. Wigmore, Evidence §2130 (3d ed. 1940). Here, the Board offered no evidence that the signature appearing on the Memorandum of Understanding was, in fact, executed by Frank H. Miller. Thus, the Board failed to lay the necessary relevancy foundation for the admission of this document.

For the foregoing reasons, we sustain DePearl Corporation's appeal and reverse the decision of the court below. The appeal of the Liquor Control Board is dismissed.

## ORDER

AND Now, the 4th day of March, 1982, the appeal of DePearl Corporation is hereby sustained, and the order of the Court of Common Pleas of Delaware County, dated June 9, 1980 is reversed. The appeal of the Pennsylvania Liquor Control Board is dismissed.

Judge PALLADINO did not participate in the decision in this case.