In the Matter of Revocation of Restaurant Liquor License No. R-17844 and Amusement Permit, No. AP-17844, Issued to—Arthur Alexander Banks, Otto's Atmosphere. Arthur A. Banks, Appellant.

Argued February 4, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Norman M. Yoffee, Norman M. Yoffee, P.C.,* for appellant.

*Felix Thau,* Counsel, with him *J. Leonard Langan,* Chief Counsel, for appellee.

OPINION BY JUDGE WILLIAMS, JR., July 19, 1982:

This matter is before us on appeal from a decision of the Court of Common Pleas of Dauphin County. The court affirmed an order of the Pennsylvania Liquor Control Board (Board) assessing a fine against licensee Arthur A. Banks (appellant).

The Board cited appellant for operating the licensed premises, known as Otto's Atmosphere II (Otto's), in a noisy and disorderly manner on March 28, 1980, and "on divers other occasions within the past year," in violation of Section 471 of the Liquor Code.[1] Following a hearing, the Board found that a violation of the aforesaid provision had occurred on March 28, 1980, and imposed a fine of $300.00. An appeal by the licensee to the Court of Common Pleas of Dauphin County followed.

At the hearing held before the court below, several witnesses testified that loud music emanating from Otto's jukebox could be heard inside their homes. They stated that, on March 28, 1980, they had heard this music from the late afternoon to the early morning of the following day. Although these wit-

---

[1] Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-471. Noisy and disorderly conduct was held to constitute a sufficient basis upon which to impose a penalty under this Section in *Petty Liquor License Case,* 216 Pa. Superior Ct. 55, 258 A.2d 874 (1969)

nesses indicated that this had also occurred on other occasions, the court restricted their testimony to March 28, 1980. The basis for this ruling was the court's conclusion that its review was limited to a determination of whether the Board's finding was supported by substantial evidence. By order dated January 30, 1981, the court affirmed the Board's decision.

On appeal to this Court, the licensee argues that the lower court erred in upholding the Board's action, because an isolated incident of noisy and disorderly conduct is an insufficient ground upon which to impose a penalty. We agree. Section 471 is pointed to recurrent noise and disorder: to be in violation of this provision of the Liquor Code, the licensed premises must be operated in a noisy and disorderly fashion on a routine basis. *Banks Liquor License Case,* 59 Pa. Commonwealth Ct. 443, 429 A.2d 1279 (1981); *In the Matter of: Ciro's Lounge,* 24 Pa. Commonwealth Ct. 589, 358 A.2d 141 (1976). In the instant matter, the court below limited the witnesses' testimony to events occurring on March 28, 1980. The evidence adduced before that court consequently indicates only one instance of noisy operation. This, in and of itself, is insufficient to warrant the imposition of a fine under Section 471.

The court below, however, erroneously concluded that its scope of review was limited to determining whether the Board's finding of noisy and disorderly conduct on March 28, 1980 was supported by substantial evidence. Pursuant to Section 471 of the Liquor Code, the lower court, on appeal from a decision of the Board is required to hold a hearing *de novo,* make its own findings of fact and conclusions of law, and then, in the exercise of its own discretion, either sustain, reverse, or modify the action of the Board. *Noonday Club of Delaware County, Inc.*

*Liquor License Case,* 433 Pa. 458, 252 A.2d 568 (1968); *Richland Distributors, Inc. Liquor License Case,* 43 Pa. Commonwealth Ct. 505, 403 A.2d 153 (1979). In the instant matter, the appellant was cited for operating Otto's in a noisy and disorderly manner, not only on March 28, 1980, but "on divers other occasions" as well. The court below was required to make a completely independent determination of all the facts of the case. By excluding evidence of noisy and disorderly conduct on these "other occasions," it failed to exercise its proper scope of review.

For the foregoing reasons, the order of the Court of Common Pleas of Dauphin County is reversed, and the case is remanded to that court for further proceedings consistent with this Opinion.

ORDER

AND Now, the 19th day of July, 1982, the order of the Court of Common Pleas of Dauphin County, dated January 30, 1981, is hereby reversed, and the case is remanded to that court for further proceedings consistent with this Opinion.

Judge MENCER did not participate in the decision in this case.