Margolis Wines & Spirits, Inc., Appellant *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellee.

Submitted on briefs June 10, 1982, before President Judge CRUMLISH, JR. and Judges ROGERS and MAC-PHAIL, sitting as a panel of three.

*Stanton A. Berkowitz, Berkowitz & Leabman, P.C.,* for appellant.

*J. Leonard Langan,* Chief Counsel, for appellee.

OPINION BY JUDGE ROGERS, December 9, 1982:

This is an appeal by Margolis Wines & Spirits, Inc. (Margolis) from an order of the Court of Com-

mon Pleas of Montgomery County affirming the Pennsylvania Liquor Control Board's (LCB) imposition of a fine against Margolis pursuant to Section 471 of the Liquor Code[1] (Code) for violations of LCB regulations. We affirm.

Margolis, as the holder of an LCB importer's license is a "licensed vendor" pursuant to 40 Pa. Code §13.71. As such, Margolis can both sell liquor to the LCB and employ agents for the purpose of accepting special orders for liquor not otherwise stocked by LCB stores. Special liquor orders can be placed by either retail customers or LCB licensees such as bars and taverns. When such a special order is made, however, because all liquor sales in Pennsylvania must be made through LCB stores, the agent must present the order to an LCB store so as to enable it to place a formal order for the liquor sought with the appropriate licensed vendor. On July 2, 1980, Margolis, was issued a citation charging it with the falsification of certain documents pertaining to special liquor orders and ordering it to show cause why a penalty should not be imposed therefore. Following an administrative hearing on the matter, the LCB issued an order sustaining the charges and imposing a fine of $500 on Margolis. Margolis appealed the LCB's order to the Court of Common Pleas of Montgomery County which conducted a de novo hearing and then affirmed the LCB's penalty. The appeal to this Court followed.

It is well settled that where, as here, a party appeals a sanction imposed by the LCB pursuant to Section 471 of the Code to a court of common pleas, that court shall address the matter de novo and shall make its own findings of fact and conclusions of law. *Richland Distributors Inc. Liquor License Case*, 43

---

[1] Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §4-471.

Pa. Commonwealth Ct. 505, 403 A.2d 153 (1979). The common pleas court has the discretion to either affirm, reverse or modify the action taken by the LCB but its determination is an independent one and not merely a review of the LCB's action. *Id.* The Commonwealth Court, however, in addressing such a matter on appeal, must affirm the common pleas court unless that court has committed an abuse of discretion or an error of law. *Michael J. O'Connor 4th Ward Republican Club Liquor License Case,* 36 Pa. Commonwealth Ct. 458, 389 A.2d 222 (1978).

Margolis' initial challenge to the trial court's decision herein is that the court erred in failing either to dismiss the citation or to remand to the LCB for the filing of more specific charges. This challenge is predicated on Margolis' assertion that the citation it was issued by the LCB was so lacking in specificity as to prevent Margolis from fully understanding the nature of the charges against it and from preparing a defense and thus operated to deprive Margolis of due process. We disagree.

The charges of the citation were:

1. You, by your servants, agents or employes falsified Agent's Order Form PLCB-115, during the period July 19, 1979 to January 14, 1980.

2. You, by your servants, agents or employes falsified Special Liquor Order Form PLCB-110, during the period July 20, 1979 to January 17, 1980.

The citation went on to instruct Margolis as to when and where the hearing on the charges would be held and listed what records were to be brought to the hearing. This list consisted of seven Agent's Order forms PLCB-115 and seven Special Liquor Order forms PLCB-110, all itemized by date and order num-

ber. Faced with the same due process challenge as raised here by Margolis to almost identical charges, the Pennsylvania Supreme Court, in *Alpha Club of West Philadelphia v. Pennsylvania Liquor Control Board,* 363 Pa. 53, 68 A.2d 730 (1949), stated:

> In Stoner v. Higginson et al., 316 Pa. 481, 501, 175 A. 527, we quoted with approval what the Supreme Court of the United States, speaking through Justice WHITE, said in Simon v. Craft, 182 U.S. 427, 436: "The essential elements of due process of law are notice and opportunity to defend. In determining whether such rights were denied we are governed by the substances of things and not by mere form."

*Id.* at 58, 68 A.2d at 732. Through application of this standard, the Supreme Court concluded:

> We find no substantial basis for the complaint of the appellant that the nature of the offense with which he is charged was not set forth with sufficient particularity. . . . As to the allegations that the Alpha Club "failed and neglected to keep complete and truthful records" and "falsified its records," the records themselves, if truthful, will be the best answer to that charge, and these records are in the possession of the plaintiff. Those who assert that the records are inaccurate and false have the burden of proving it.

*Id.* at 57-58, 68 A.2d at 732.

Accordingly, we must hold that the notice of the charges against Margolis was adequate to afford it due process and the court of common pleas neither abused its discretion nor committed an error of law in not remanding this matter to the LCB.

Margolis also contends that the evidence presented to the court of common pleas was insufficient

to allow a conclusion that the LCB had satisfied its burden of proving Margolis falsified the documents in question[2] and that the common pleas court's decision was incorrect as a matter of law. After a careful review of the record we find no merit to these contentions and we affirm the determination that Margolis violated the Code and the regulations of the LCB on the basis of those portions of the opinion by Judge FREDERICK B. SMILLIE of the Court of Common Pleas of Montgomery County where he states:

The order form, on which a licensed vendor or his agent must place any special order for liquor at State Liquor Stores requires the signature of the registered agent and the *signature and address of the retail customer* or, if the order is placed by the licensee, the signature of the licensee or his duly authorized agent. 40 Pa. Code Sections 13.77(a), 13.79(a). By requiring the above information on the special order forms, the PLCB is able to monitor these special order sales and has a record of retail customers or licensees who have placed special orders.

On seven different occasions, appellant defeated the purpose of the Liquor Code order form regulations by listing its registered agent as the retail customer. It was admitted by appellant's president and the registered agent involved in the transactions in question that the agent was not actually the retail purchaser of the liquor but the forms were completed in the above manner in order to hide the identity of

---

[2] The LCB's burden before the court of common pleas is to establish the violations alleged by a fair preponderance of the evidence. *Greensburg Lodge No. 1151, Loyal Order of Moose Liquor License Case*, 216 Pa. Superior Ct. 118, 260 A.2d 500 (1969).

their special order customers from competitor importers.

Appellant incorrectly contends that there was no violation of the Code regulations.

Section 13.79(a) of the Liquor Code[3] specifically provides:

(a) Licensed vendors and their registered agents shall place special orders for liquor at State Liquor Stores on the prescribed order book forms signed by the licensee or his duly authorized agent, or in the case of a retail sale, by the customer.

Definitional Section 13.71, 40 Pa. Code Section 13.71 reads:

(t)he following words and terms, when used in this subchapter, shall have the following meanings, unless the context clearly indicates otherwise:

. . . .

Licensed vendor—a licensee holding a Manufacturer or Importer License, or a vendor's permit, and selling liquors to the Board.

Licensee—any natural person, partnership, association, or corporation holding a Hotel, Restaurant, Club or Public Service Liquor License issued by the Board.

. . . .

Thus, for purposes of interpreting the regulations at issue, a "licensed vendor" is *not* a "licensee." Section 13.71 of the Liquor Code.[4] dictates that the intent of the special order

---

[3] The correct cite is 40 Pa. Code §13.79(a).
[4] The correct cite is 40 Pa. Code §13.71.

form regulations is to require the signature of the actual purchaser, whether it be a licensee (a Hotel, Restaurant, Club or Public Service Liquor License Holder) or an individual customer. (Emphasis in original) (footnotes added.)

*Margolis Wines & Spirits, Inc. v. Pennsylvania Liquor Control Board* (No. 11 January Term, 1981, filed June 24, 1981), slip op. at 2-3.

Order affirmed.

### ORDER

Now, December 9, 1982, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter, dated March 23, 1981, No. 11 January, 1981, is hereby affirmed.