Bernhard Hude, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs October 9, 1980, to Judges MENCER, BLATT and CRAIG, sitting as a panel of three.

*Bernard V. O'Hare, III, O'Hare & Heitczman,* for appellant.

*David Shotel,* Assistant Attorney General, with him *Kenneth W. Makowski,* Acting Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for appellee.

OPINION BY JUDGE CRAIG, November 24, 1980:

Bernhard Hude, owner of "The Light House" tavern, appeals the order of the Court of Common Pleas of Northampton County, affirming the imposition of a fine by the Pennsylvania Liquor Control Board (PLCB) for a violation of the music noise level restrictions contained in 40 Pa. Code §5.32(a). That regulation provides:

> (a)   No licensee shall use or permit to be used inside or outside of the licensed premises a loudspeaker or similar device whereby the sound of music or other entertainment, or the advertisement thereof, can be heard on the outside of the licensed premises.

The fine arose from two occasions. One included the appearance of a musical group—perhaps not inappropriately named "The Extremes"—at appellant's tavern on February 4, 1979. The second occasion, with another group performing, was on February 18, 1979. The PLCB enforcement officer testified at the hearing that, on both occasions, the music from inside the tavern after midnight could "clearly and distinctly"

be heard from distances of 70, 80, and 180 feet away from the premises, radii within which the nearest residences were located.

The hearing examiner imposed a fine of $250 for the violation of Section 5.32(a). In the court of common pleas and here, the licensee, without disputing the facts, has attacked the validity of the regulation on two grounds. He claims it violates the due process requirements of the Fourteenth Amendment because it is not reasonably related to a legitimate exercise of the state's police powers, and that it is so overbroad it chills the freedom of expression guaranteed by the state and federal constitutions.

The validity of a liquor-related state regulation rests upon the state's plenary power to control the sale and use of alcoholic beverages by virtue of the Twenty-First Amendment to the United States Constitution. That the amendment "conferred on the states something more than the normal authority over public health, welfare and morals" is well-recognized. *Fantastic Plastic, Inc. v. Pittsburgh,* 32 Pa. Commonwealth Ct. 41, 377 A.2d 1051 (1977); *California v. La-Rue,* 409 U.S. 109, 93 S.Ct. 390 (1972). Indeed, "there is perhaps no other area of permissible state action within which the exercise of the police power of a state is more plenary than in the regulation and control of the use and sale of alcoholic beverages." *United Tavern Owners of Philadelphia v. Philadelphia School District,* 441 Pa. 274, 277, 272 A.2d 868, 871 (1971).

Judge VAN ANTWERPEN, in the trial court, found the regulation to be reasonably related to the public purpose of controlling evils historically associated with the sale and consumption of liquor, namely, "unruly behavior thought to be incited by loud, raucous music, and the resulting disturbance to the public and residents in the immediate vicinity of the liquor dispensing establishment." We agree, cognizant that

Section 1-104(a) of the Liquor Code[1] provides for liberal interpretation of provisions aimed at accomplishing a number of goals, specifically mentioning "peace."[2]

The regulation in question is a reasonable means of limiting—not prohibiting—the sound of music and other entertainment, to hold it to a level that will not disturb people outside the premises. Protection from such "noise pollution" is a lawful object of Section 5.32(a). See Smart, Inc. v. Pennsylvania Liquor Control Board, 70 D. & C.2d 535 (1974), where the regulation, challenged as unreasonable, was upheld.

Section 5.32(a) does not constitute an unnecessary or arbitrary interference with licensee's business. We hold that it is reasonably related to the accomplishment of a specific valid state interest: protecting persons outside liquor establishments from interference with a peaceable environment.[3]

The licensee next contends that Section 5.32(a) is so overbroad that it operates to chill the freedom of ex-

---

[1] Act of April 12, 1951, P.L. 90, as amended, 47 P.S. §1-104(a).

[2] Provisions in the code granting the PLCB wide discretion in administering the act are evidence of its authority to accomplish these same purposes. Section 2-208(h) empowers the PLCB to make regulations regarding the issuance of licenses and permits and the conduct, management, sanitation and equipment of licensed places. Section 2-207(h) directs the PLCB "to do all such things and perform all such acts as are deemed necessary or advisable for the purpose of carrying into effect the provisions of this act." 47 P.S. §§2-207(h), 2-208(h).

[3] A due process attack on Section 493 of the code was dismissed by our Supreme Court in In Re Tahiti Bar, Inc., Liquor License case, 395 Pa. 355, 150 A.2d 112 (1959). The prohibition of lewd, immoral and improper entertainment in licensed establishments was claimed to be so vague as to violate due process guarantees. The court noted:

[S]ince the state may absolutely forbid or may license the sale of intoxicating liquors, it may impose such conditions upon the granting of licenses as it sees fit, and one who accepts such license must be deemed to consent to all proper conditions and restrictions which have been or may be imposed by the legislature. . . . [The legislature] had the

pression guaranteed by both the state and federal constitutions. He claims the regulation infringes upon a fundamental right, and does not utilize the "least drastic means" available to accomplish its purpose. He suggests a test based on decibel levels as more appropriate.

However, the enjoyment of loud music in a tavern is not a fundamental right of free expression. The United States Supreme Court has held that the state's broad authority under the Twenty-First Amendment to control intoxicating liquor allows it to prohibit a licensee entirely from another form of "expression" —showing sexually-explicit entertainment on licensed premises—without a violation of the freedom of expression. *California v. LaRue, supra.*

The licensee must also fail in his assertion that the regulation does not utilize the "least drastic means" to accomplish its purpose, namely, a decibel scale measurement. At best, this view assumes that a total prohibition of external noise is unreasonable, and that a decibel standard should be used to insure that only an excessive degree of noise is condemned. Although a decibel scale measurement may be desirable in terms of specificity, it is not essential as a matter of law,[4]

---

power to absolutely forbid, or to permit under specified conditions, entertainment in licensed establishments.
*Id.* at 363, 150 A.2d at 117.

The maxim is equally applicable to the case at bar.

[4] We note that the standard, although general, is manageable. Limitations on noise levels have long been acknowledged and enforced through nuisance actions without necessarily involving the use of precise decibel standards. The parallel is apt, because the nuisance rationale is that the right to free use of one's property is subject to the implied obligation to use it so that it will not be unreasonably injurious to the enjoyment of other landowners. The word "nuisance" implies the transmission of the effects of an activity beyond the boundaries of the land where the objectionable condition exists—exactly the situation sought to be prevented by Section 5.32(a).

6

particularly in this case, where the actual reach of sound clearly exceeded in fact any degree which might be considered tolerable.

We hold that Section 5.32(a) is not overbroad and does not breach freedom of expression.

Accordingly, we affirm the order of the court below.

ORDER

AND Now, this 24th day of November, 1980, the order of the Court of Common Pleas of Northampton County, No. 343-1979 Misc., dated January 8, 1980, is affirmed.