In Re: Appeal of Two-O-Two Tavern, Inc. Friendly Saloon. Two-O-Two Tavern, Inc., Appellant.

Submitted on briefs April 12, 1985, to Judges BARRY and COLINS and Senior Judge BARBIERI, sitting as a panel of three.

*John J. McCreesh, III, McCreesh, McCreesh & Russo,* for appellant.

*Gary F. DiVito,* Chief Counsel, with him, *Felix Thau,* Assistant Counsel, for appellee.

OPINION BY SENIOR JUDGE BARBIERI, May 21, 1985:

This is an appeal by Two-O-Two Tavern, Inc., t/a Friendly Saloon (Tavern), from an order of the Court of Common Pleas of Montgomery County which dismissed its appeal from and affirmed the order of the Pennsylvania Liquor Control Board (LCB). The LCB order suspended the Tavern's Restaurant Liquor License for a period of ten days as a result of the Tav-

ern's violation of 40 Pa. Code §5.32(a)[1] pertaining to noise levels outside of licensed premises. We affirm.

The essential facts of this case are as follows. The Tavern operates a tavern in Ardmore, Montgomery County. On October 22, 23, and 27, 1982 and on November 3, and 5, 1982, enforcement officers of the LCB investigated the Friendly Saloon. In the course of those investigations, the enforcement officers noted that music from the Saloon could be clearly heard from a distance of over one hundred fifty feet from the Saloon on each occasion. The sound system used inside the premises consisted of two speakers located on the stage and two speakers suspended from the ceiling, facing the rear of the premises. As a result of that investigation, the LCB issued a citation to the Tavern for violation of the LCB regulation dealing with noise pollution, 40 Pa. Code §5.32(a). A hearing was held on February 8, 1983 regarding the citation issued to the Tavern. On May 26, 1983, the LCB issued an order suspending the Tavern's Restaurant Liquor License for a period of ten days beginning June 28, 1983. The Tavern appealed that LCB order to the Court of Common Pleas of Montgomery County which held a hearing on September 27, 1983. On September 29, 1983, the common pleas court dismissed the Tavern's appeal and affirmed the order of the LCB. The Tavern then appealed that order to this Court.

The sole issue presented in this appeal is whether the LCB regulation, 40 Pa. Code §5.32(a), is a valid exercise of the Board's power to regulate licensed

---

[1] 40 Pa. Code §5.32(a) reads as follows:

§5.32. *Restrictions.*

(a) No licensee shall use or permit to be used inside or outside of the licensed premises a loudspeaker or similar device whereby the sound of music or other entertainment, or the advertisement thereof, can be heard on the outside of the licensed premises.

premises under the Liquor Code.[2] In considering this question, we are cognizant, of course, that our review of administrative regulations is limited to a determination of whether they are reasonable and consistent with the legislative intent of the statutes to which they relate. *See Pennsylvania State Education Association v. Pennsylvania Department of Education,* 68 Pa. Commonwealth Ct. 279, 449 A.2d 89 (1982).

Our review of the challenged regulation and the statutory mandate given the LCB by the General Assembly satisfies us that the regulation is both reasonable and consistent with the intent of the General Assembly in enacting the Liquor Code. We initially note that Section 104 of the Liquor Code, 47 P.S. §1-104, states in no uncertain terms that the act is an exercise of the Commonwealth's police power to protect the public welfare, health, *peace* and morals of the people of this Commonwealth. Our Supreme Court has also recognized that there is perhaps no other area of permissible state action within which the exercise of the police power of the Commonwealth is more plenary than in the regulation and control of the use and sale of alcoholic beverages. *Tahiti Bar, Inc. Liquor License Case,* 395 Pa. 355, 150 A.2d 112 (1959), *appeal dismissed,* 361 U.S. 85 (1959).

We also note that the regulation prohibits the sound of music or entertainment outside and coming from licensed premises; it does not limit the playing of any type of music the sound of which is contained inside of licensed premises. The restriction is clearly designed to protect neighbors, street pedestrians, and others from being subject to unwanted sounds, commonly known as "noise pollution." As such, we hold that that regulation is a valid exercise of the Commonwealth's police power and does not constitute an ar-

[2] Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §§1-101-9-902.

bitrary, unreasonable or unnecessary intrusion into the conduct of the Tavern's licensed business. *Hude v. Commonwealth,* 55 Pa. Commonwealth Ct. 1, 423 A.2d 15 (1980). *See also Smart, Inc. v. Pennsylvania Liquor Control Board,* 70 Pa. D. & C. 2d 535, 538 (C.P. Lehigh 1974).

Having found the contested regulation to be a valid exercise of the Commonwealth's police power and noting that the Tavern does not dispute the factual finding that it indeed violated that regulation, we must, therefore, affirm the order of the common pleas court which upheld the LCB's suspension of its Restaurant Liquor License for ten days.[3]

## Order

And Now, this 21st day of May, 1985, the Order of the Court of Common Pleas of Montgomery County at Miscellaneous No. 319, April Term, 1983, dated September 29, 1983, is hereby affirmed.

---

[3] We note that the LCB cites a prior *unpublished* opinion of this Court in support of its position. In that our internal operating rules specifically state that unreported opinions of this Court are *not* to be cited in briefs or used as authority during argument, 210 Pa. Code §67.15, we remind litigants and members of the bar that violations of this rule are looked upon with disfavor.