E. & S. Motor Transportation Co., Appellant, *v.* Pennsylvania Alcohol Permit Board.

Argued January 9, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*David S. Malis,* for appellant.

*Wilhelm F. Knauer, Robert M. Ewing,* Special Deputy Attorneys General, and *Thomas J. Baldrige,* Attorney General, for appellee, were not heard.

Per Curiam, January 28, 1929:

This is an appeal from the refusal to set aside an order of the Pennsylvania Alcohol Permit Board, revoking appellant's permit, granted under the Act of February 19, 1926, P. L. 16, to transport "alcohol or alcoholic liquid for hire," the complaint being that the board abused its discretion by entering the order in question.

The matter before us is sufficiently disposed of in the following excerpts from the opinion of the court below: "The act under which the board is established,...... passed in the exercise of the police power of the Commonwealth, [states that] 'all of its provisions shall be liberally construed for the accomplishment of [its] purpose'...... [When reviewing the action of such a body, in the case where, as here, no testimony was offered in the reviewing court, and the sole allegation of error is that the board abused its discretion in the matter under discussion], the investigation starts with the presumption that the [administrative] tribunal making the order or decree appealed from acted within the reasonable scope of its power and discretion, and it can be called to answer only as the party complaining, upon whom rests the burden, can show that the decision of the board rests on some ground that did not authorize

the exercise of discretion......The court cannot say as a matter of law that there is nothing......in the [present] record to sustain the finding of the board, that its decision rested upon grounds which did not authorize the exercise of discretion, [or] that its action was arbitrary and an abuse of the discretion reposed in it by law."

The order of the court below is affirmed at cost of appellant.