Alpha Club of West Philadelphia, Appellant, *v.* Pennsylvania Liquor Control Board.

54

Argued October 3, 1949. Before Maxey, C. J., Drew, Linn, Patterson, Stearne and Jones, JJ.

*John W. Kephart, Jr.,* with him *Robert E. Scullin* and *A. Evans Kephart,* for appellant.

*Horace A. Segelbaum,* Deputy Attorney General with him *T. McKeen Chidsey,* Attorney General, for appellee.

Opinion by Mr. Chief Justice Maxey, October 14, 1949:

This is an appeal from the dismissal of plaintiff's Bill in Equity. The Alpha Club of West Philadelphia is a social club located at 19th and Chestnut Streets. On May 5, 1948, the Club was charged by the Pennsylvania Liquor Control Board with the following violations: first, that the organization is operated "by and for one Frank P. Walsh"; second, that the organization's business is not conducted "through officers regularly elected"; third, that persons are admitted to membership "without written application, investigation and ballot"; fourth, that the Club "failed and neglected to keep complete and truthful records covering the operation" of its licensed organization; and fifth, that the Club "deliberately falsified the records." The Club was cited to appear on May 17, 1948, at 12:30 P. M., to show cause why its license should not be revoked and why the bond

filed with the application for its license should not be vacated by reason of the alleged violations. The Club was also directed to bring certain of its records to the hearing.

The Club on May 19, 1948, filed a Bill of Complaint in the court below averring that the several paragraphs of the citation failed to indicate the nature of the charges; when, where, how and what was done and the persons involved with sufficient specificity to give plaintiff notice thereof and a reasonable opportunity to prepare a defense. Plaintiff further objected to the subpoena duces tecum included in the citation because it ordered the production of plaintiff's records as far back as 1933. Plaintiff declared that the citation "fails to afford the licensee procedural due process of law." Plaintiff prayed that the court require the defendant "to file an amended citation stating particularly the nature of the violations alleged, indicating when, where, how and what was done, and the persons involved; that defendant state specifically the nature of the charges in such manner as will afford the plaintiff a reasonable opportunity to prepare a defense; that the dates on which the acts are alleged to have occurred, which are charged to be violations of the law, be specified particularly so that plaintiff may know whether or not they have been committed within a year prior to the issuance of the citation;" and, "that the subpoena duces tecum be restricted to material relevant to incidents occurring within a year prior to the issuance of the citation."

An Answer raising preliminary objections was filed by the Board; the court below sustained these objections and dismissed the Bill. This appeal followed.

The court in dismissing the Bill pointed out that on May 13, 1948, "the Board advised plaintiff's attorney of the particular sections of the Pennsylvania Liquor Control Act and the Board regulations promulgated thereunder upon which the alleged violations were predi-

cated. At the same time it also advised plaintiff's attorney that the evidence in support of the charges was obtained from the club records and certain documents which were under subpœna; that sufficient information was contained in the citation to enable plaintiff to prepare its defense."

The court in its opinion set forth that the Club's Liquor License, which was issued to plaintiff under the provisions of the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, as reënacted and amended (47 PS 744-1, et seq.), "has no attributes warranting the invocation of equitable powers: Spankard's Liquor License Case, 138 Pa. Superior Ct. 251, 259; Woods et al. v. Suppan et al., 53 D. & C. 425, 427." The court continued: "The Board was expressly given the power by Section 410 of the aforesaid act (47 PS 744-410) to cite plaintiff to show cause why its license should not be revoked for alleged violations of law. . . . The procedure prescribed by the Pennsylvania Liquor Control Act to be followed by the Board when suspending or revoking licenses satisfies all the requirements of due process of law: Commonwealth v. Cronin, 336 Pa. 469. Further, plaintiff, should its license be suspended or revoked, has the right of appeal to the Court of Quarter Sessions of Philadelphia County. Such appeal acts as a supersedeas, unless upon sufficient cause shown the Court should determine otherwise, and the proceeding before the Court of Quarter Sessions is de novo: Pennsylvania Liquor Control Act, Section 410, supra, and Section 404 (47 PS 744-404). This affords plaintiff a full, complete and adequate remedy at law: O'Donnell v. Pennsylvania Liquor Control Board, 351 Pa. 129."

In regard to the subpœna duces tecum, the lower court stated that the authority for the issuance of the subpœna was found in Section 520 of The Administrative Code (Act of April 9, 1929, P. L. 177, as amended), 71 PS 200. Thereafter the court cited the case of *Common-*

*wealth ex rel. Chidsey v. Mallen et al.,* 360 Pa. 606, 63 A. 2d 49, which arose from the issuance of a rule on certain individuals to show cause why they should not be punished for contempt of court because of their failure to comply with a subpœna duces tecum which directed them to appear before representatives of the Attorney General who were investigating alleged violations of the laws of this Commonwealth arising out of the sale and liquidation of certain assets of defunct building and loan associations, and there produce specified books, papers and records.

The court below quoted the following from the opinion of this Court in that case: "It may be conceded for present purposes that authority to issue the subpœna described in section 520 was given but, as the next sentence shows, the subpœna was a mere notice embodying the elements stated and not a subpœna in the sense in which that term is generally employed in judicial procedure." The Court then said: "Plaintiff is here asking equitable relief from this Court on the ground that the subpœna duces tecum issued by the Board in the instant case is unreasonable, does not meet the requirements of law and is therefore void. However, we think that the principle of the Mallen case, supra, is here controlling, and that thereunder in the orderly administration of justice a Court of Common Pleas of Philadelphia County will at all times be open to plaintiff where its rights will be fully protected."

We find no substantial basis for the complaint of the appellant that the nature of the offense with which he is charged was not set forth with sufficient particularity. Certain the first three specifications were sufficiently definite to enable the plaintiff to comprehend the charges it had to meet. As to the allegation that the Alpha Club "failed and neglected to keep complete and truthful records," and "falsified its records," the records themselves, if truthful, will be the best answer to that charge,

and these records are in the possession of the plaintiff. Those who assert that the records are inaccurate and false have the burden of proving it. There is no basis for plaintiff's fourth and fifth complaints.

In *Stoner v. Higginson et al.*, 316 Pa. 481, 501, 175 A. 527, we quoted with approval what the Supreme Court of the United States, speaking through Justice WHITE, said in *Simon v. Craft*, 182 U. S. 427, 436 : " 'The essential elements of due process of law are notice and opportunity to defend. In determining whether such rights were denied we are governed by the substance of things and not by mere form.' "

The decree is affirmed at appellant's cost.