## Liquor Control Board *v.* Camiel's Beverage Co.

Argued February 6, 1973 before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Alexander J. Jaffurs,* Assistant Attorney General, with him *Albert B. Miller,* Special Assistant Attorney General, *Michael Minkin,* Assistant Attorney General, and *J. Shane Creamer,* Attorney General, for appellant.

*Neil W. Burd,* for appellee.

OPINION BY JUDGE WILKINSON, March 1, 1973:

This is an appeal by the Pennsylvania Liquor Control Board from the decision of the Court of Common Pleas of Philadelphia. The brief and to the point opinion of Judge E. A. DOTY is quoted in full:

"DOTY, A. J.:                    May 22, 1972

"This matter is before the Court for consideration of the appeal of Camiel's Beverage Co. from an Order dated October 13, 1971 of the Pennsylvania Liquor Control Board imposing a fine of $300.00 upon the appellant. The appellant contends that these allegations were 'vague, lacked specificity as to time, place and person and were so insufficiently detailed as to prevent the appellant and its counsel from preparing a defense thereto. . . .' After a careful consideration of the entire record and the applicable law, we are convinced that appellant's contentions have merit.

"It is well settled that administrative bodies such as the Pennsylvania Liquor Control Board are bound by the due process clause of the Fourteenth Amendment of the United States Constitution. Hotchkiss Liquor License, 169 Pa. Super. Ct. 506 (1951). Due notice of a liquor law revocation proceeding means at least the licensee must be informed of the fact that he is charged with specific violations of the liquor license or regulations. DeLucca's Liquor License, 124 Pa. Super. Ct. 500 (1937).

"In this case, the Board did not specify what specifically the appellant is charged with having done. As an example charge No. 1 charges credit sales by the licensee but does not state to whom the credit sales were allegedly made, in what amounts and for what merchandise. Further charge No. 2 alleges a falsification of records, but does not set forth what records were allegedly falsified, nor in what manner. The Board's charge No. 3 alleges the offering of an inducement to promote the sale of malt or brewed beverages, but does not set forth to whom the inducement was allegedly given, nor what the inducement was. Charge No. 4 cites an alleged neglect to maintain records in conformity with PLCB regulations, without stating what records were allegedly in violation of regulations and in what respects. Charge No. 5 alleges a failure to notify the Board within 20 days of the receipt of notice of dishonored checks received for malt beverages. Once again, the charge does not state whose checks were dishonored, when and in what amounts. The last of the PLCB's charges, charge No. 6 alleges that the licensee failed within five days of notice of dishonor to notify the person who presented a worthless check. Here, too, the citation does not specify who gave a worthless check, when and in what amount. Under these circumstances, this matter must be remanded to the Pennsylvania Liquor Control Board for further proceedings so that the citation can set

forth with greater specificity the charges alleged.

"Therefore, we enter the following

### ORDER

"And Now, to wit, this 22 day of May, 1972, this matter is remanded to the Pennsylvania Liquor Control Board for further proceedings in accordance with the accompanying opinion.

By the Court,

(s) DOTY

A. J.

ETHAN ALLEN DOTY

Administrative Judge"

Appellant relies entirely on the case of *Alpha Club of West Philadelphia v. Pennsylvania Liquor Control Board,* 363 Pa. 53, 68 A. 2d 730 (1949). In that case, with a citation that in many respects was no more specific than the one here in question, the licensee brought a Bill in Equity to require the Pennsylvania Liquor Control Board to file an amended citation, stating with particularity the nature of the violations alleged. The Bill in Equity was dismissed on the ground that the licensee had a right to appeal to the Court of Common Pleas from any adverse decision of the Pennsylvania Liquor Control Board for a de novo hearing, and he could present his position to the court at that time. Therefore, the court held that he had a complete and adequate remedy at law and a court of equity should not interfere. The court went on to merely observe in the last paragraph of a four-page opinion that the charges in that case did not lack specificity. At best, this was dicta and, in any event, the charges were not exactly the same in both cases. Appellant, in this case, has followed the procedure specified in *Alpha, supra.* Far from authority for reversal, we consider *Alpha, supra,* authority in support of the procedure followed by the learned court below.

The Liquor Code, Act of April 12, 1951, P. L. 90, Article IV, Section 471, as amended, 47 P.S. 4-471, et seq., provides: "Upon appeal, the court so appealed to shall, in the exercise of its discretion, sustain, reject, alter or modify the findings, conclusions and penalties of the Board, based on the findings of fact and conclusions of law as found by the court." Since Judge DOTY was the individual charged with the responsibility to conduct a de novo hearing and make findings of fact, it seems highly appropriate for him, if he considered the charges to lack specificity, to remand the citation back to the Pennsylvania Liquor Control Board to be more specific. He might have considered dismissing the citation entirely.

It seems appropriate to observe that the Liquor Code, in the cited section, requires the Pennsylvania Liquor Control Board to "file of record at least a brief statement in the form of an opinion of the reasons for the ruling or order." Here, the Board could have been specific as to its findings, and this would have assisted the court as to the charges, but it did not see fit to do so. Its findings are as vague and general as the charges. For example, the citation in paragraph four states: "You, by your servants, agents or employes, failed and neglected to maintain records in conformity with regulations prescribed by the Pennsylvania Liquor Control Board." The finding of fact from the opinion of the Board states: "The licensee, by its servants, agents or employes, failed and neglected to maintain records in conformity with regulations prescribed by the Pennsylvania Liquor Control Board." At no place in the citation or in the findings is the lower court told in what way the records are deficient. The other citations and findings are similarly identically worded.

It is not sufficient to say that a reading of the testimony at the hearing would clarify this for the licensee and the lower court. At the de novo hearing, the

Board is not restricted to the evidence at its hearing, nor can the lower court tell what was believed and what was rejected by the Board. We are not unmindful of the wide latitude given the Pennsylvania Liquor Control Board in the generality of its charges and its authority to fine or suspend a licensee on evidence produced at its hearing differing to an extent from the citation. *See Hankin Liquor License Case,* 202 Pa. Superior Ct. 100, 195 A. 2d 164 (1963), and *Parkway Distributing Company Liquor License Case,* 204 Pa. Superior Ct. 514, 205 A. 2d 660 (1964). However, the issue in those cases was whether the action of the Pennsylvania Liquor Control Board should be vacated. Here, the issue is whether the lower court is entitled to require the Pennsylvania Liquor Control Board to be more specific in the charges in its citation before the lower court proceeds with a de novo hearing. We think it is.

Affirmed.