would be to contravene both the language and the intent of the Vehicle Code sections relied upon by defendant.

## ORDER

And now, this June 15, 1982, plaintiff's motion to compel answers to interrogatories is hereby denied.

## In Re: The Keg

*Felix Thau*, for the Pa. Liquor Control Board.
*Leon P. Haller*, for petitioner.

SHUGHART, *P.J.*, March 9, 1981—Petitioner owns a tavern in Shippensburg known as "The Keg." The establishment holds a Retail Dispenser Eating Place License and an Amusement Permit issued by the Liquor Control Board. The facts are not in dispute. On March 20, 1980, petitioner held what is commonly known as a "ladies night." This practice involved a cover charge of two dollars to male patrons and a one dollar cover charge to female patrons. On the basis of this event, the Liquor Control Board issued petitioner a citation on May 7, 1980, asserting that petitioner violated the Liquor Code of April 12, 1951, P.L. 90, as amended, 47 P.S. § 1-101 et seq. A hearing was held before the Liquor Control Board on July 10, 1980, and by opinion and order dated August 28, 1980, the Liquor Control Board imposed a fine of $200. Thereafter, petitioner appealed to this court. A de novo hearing was held on December 29, 1980. Briefs have been filed and the matter is now ripe for decision.

Petitioner asserts that the fine imposed by the Liquor Control Board cannot stand for several reasons. First, petitioner contends that the Liquor Code does not specifically proscribe "ladies nights"; second, petitioner argues that if "ladies nights" are prohibited by the Liquor Code, the provision is selectively enforced; and finally, petitioner argues that he was not afforded due process of law because the citation issued by the Liquor Control Board is impermissibly vague. Our disposition of this matter only requires a discussion of the due process claim, for proper resolution of this issue mandates that the citation be dismissed.

It is well settled that due process of law extends to administrative proceedings: Taylor v. Weinstein, 207 Pa. Superior Ct. 251, 217 A. 2d 817 (1966). "Administrative bodies are bound by the due proc-

ess provisions of constitutional law and by fundamental principles of fairness." Id. at 254, 217 A. 2d at 818. In fact, §471 of the Liquor Code, 47 P.S. §4-471, provides, inter alia, a legislative mandate that due process must be afforded a licensee before a penalty may be imposed for a Liquor Code violation.

No penalty provided by this section shall be imposed by the board or any court for any violations provided for in this act unless the enforcement officer or the board notifies the licensee of its nature and of the date of the alleged violation . . . . (Emphasis supplied.)

The citation sent to petitioner states:

You, your servants, agents, or employes offered and/or gave inducements to certain persons by allowing them privileges not permitted the general public, on or about March 20, 1980, and on divers other occasions within the past year.

We have no difficulty concluding that this citation, which served as notice to petitioner, could not possibly have advised the petitioner of the nature of the alleged Liquor Code violations. It does not indicate what the inducements were or to whom they were made. There is not even a reference to a cover charge in the citation. In fact, until the hearing, the court had no intimation of the meaning of the language.

Respondent argues that a citation procedure prescribed by the Liquor Code affords a licensee due process of law because, on assignment of a penalty, the licensee may appeal to the court of common pleas wherein the proceeding is de novo. In support of this proposition, respondent relies on Alpha Club of West Philadelphia v. Pennsylvania Liquor Con-

trol Board, 363 Pa. 53, 68 A. 2d 730 (1949). We agree that the procedure prescribed in the Liquor Code affords a licensee due process; however, that procedure presupposes that a licensee will be given adequate notice of the nature of the charges against him prior to a hearing before the Liquor Control Board. Where, as here, a citation lacks specificity it does not notify a licensee of the nature of the charges against him and, therefore, due process is not afforded.

In Alpha Club, the citations involved were vague and couched in terms of the Liquor Code. In this respect, the case is similar to the situation presently before us. The similarity, however, ends with the vague citations. Alpha Club is distinguishable from the case at bar both on its facts and on the procedural posture of the case. Alpha Club involved the licensee's Bill in Equity for a more specific citation. The bill was dismissed, not on the merits of the claim, but rather, because the licensee had an adequate remedy at law, a de novo hearing before the court of quarter sessions. This is not the procedural posture of the case before us. More importantly, the licensee's attorney in Alpha Club was advised by the Liquor Control Board of the particular sections of the Liquor Code upon which the alleged violations were based as well as where the evidence in support of the charges was obtained. This information was provided prior to the hearing before the Liquor Control Board. In the case at bar, there is no evidence that petitioner's attorney was advised of any particular section of the Liquor Code petitioner purportedly violated prior to the hearing before the Liquor Control Board. In fact, at argument and in the brief counsel could not support the "ladies night" proscription through specific language in the Liquor Code, but attempted to support

the citation by construing several provisions of the Liquor Code.[1] There is also no evidence that petitioner's attorney was advised of the evidence on which the alleged violations were based. It must be concluded that Alpha Club does not support a conclusion that the citation in the case at bar gave the petitioner adequate notice of the alleged Liquor Code violations, nor does it support a conclusion that a de novo appeal in the court of common pleas corrects a lack of adequate notice at the administrative level.

More apposite to the case at bar is Liquor Control Board v. Camiel's Beverage Co., 7 Pa. Commonwealth Ct. 654, 300 A. 2d 834 (1973). As here, the citations in Camiel's Beverage lacked specificity. As a result, the Court of Common Pleas remanded the case to the Liquor Control Board for more specific citations. This action by Judge Doty of the Court of Common Pleas of Philadelphia was held to be proper. The court noted:

Since Judge Doty was the individual charged with the responsibility to conduct a de novo hearing and make findings of fact, it seems highly appropriate for him, if he considered the charges to lack specificity, to remand the citation back to the Pennsylvania Liquor Control Board to be more specific. *He might have considered dismissing the citation entirely:* Id. at 658, 300 A. 2d at 836. (Emphasis added.) Thus, Camiel's Beverage is authority for the proposition that a licensee must be given adequate notice of an alleged violation through a specific citation.

---

1. The fact that the Liquor Control Board was unable to cite a specific section of the Liquor Code in support of its citation raises a question as to the validity of the alleged violation in the first instance, an issue we need not reach in light of our decision regarding the specificity of the citation.

While we recognize that proceedings for Liquor Code violations are civil in nature, Summit Hill Rod and Gun Club Liquor License Case, 184 Pa. Superior Ct. 584, 135 A. 2d 781 (1957), they still have many of the earmarks of a summary criminal violation since a fine may be imposed on an errant licensee. In fact, for the inducement provisions of §493 (22), (24), 47 P.S. §4-493 (22), (24), which the Liquor Control Board contends encompass the "ladies night" violation, imprisonment may result if the fine imposed is not paid. Under these circumstances, it seems that the Rules of Criminal Procedure relating to summary offenses should be applied by analogy for guidance in determining the degree of specificity required in a Liquor Code citation.[2]

Rule 52 of the Rules of Criminal Procedure states that "Every citation . . . shall contain: (e) a citation of the specific section and subsection of the statute or ordinance allegedly violated, together with a summary of the facts sufficient to advise defendant of the nature of the offense charged." Pa. R. Crim. P. 52.A.1.(e). There can be no doubt that the Liquor Control Board citation does not fulfill the requirements of this rule.

It is our opinion that a Liquor Control Board citation, in order to fulfill due process requirements, must provide a licensee with notice of the date of

---

2. There is a further reason for requiring the same specificity in a Liquor Control Board Citation as in a criminal citation. Violations of the Liquor Code are brought by agents of the Board and the Board itself sits as the tribunal to hear the charges. Since the Board serves as both prosecutor and judge, fundamental fairness requires that a licensee be given adequate notice of the alleged violations through a specific citation prior to his appearance before the Liquor Control Board.

the alleged violation, the section of the Liquor Code violated, and a brief summary of the facts sufficient to advise the licensee of the nature of the proscribed conduct. A perfunctory recitation of a Liquor Code provision is not sufficient notice to provide due process of law. A de novo hearing before a court of common pleas cannot rectify a lack of prior or insufficient notice. To accept the reasoning of counsel for the board would be tantamount to holding that inadequate notice prior to a hearing before the Liquor Control Board can be cured at any time prior to a de novo appeal in the Court of Common Pleas. This argument loses sight of the fact that a licensee may avoid an appeal to the Court of Common Pleas if the licensee has knowledge of the charges against him and has an opportunity to prepare an adequate defense to the allegations prior to the proceedings before the Liquor Control Board. While a licensee may be required to give up many rights in return for the privilege of dispensing alcoholic beverages, there is no reason to require a licensee to twice defend an allegation which may have been dismissed at the administrative level had the licensee been given adequate notice of his alleged violations through a specific citation. Requiring a specific citation does not place an undue burden on the Liquor Control Board since the board is in the best position to know the nature of the alleged violation it chooses to bring as well as the section of the Liquor Code allegedly violated.

In light of the above considerations, the citation in the case at bar is fatally defective. It does not specify the section of the Liquor Code which was allegedly violated. It does not specify what the inducements were nor to whom they were made. In short, the citation provides no notice of the alleged violation and, therefore, is violative of due process

requirements. Consequently, the citation must be dismissed.

## ORDER

And now, March 9, 1981, for the reasons appearing in the opinion filed this date it is hereby ordered that the appeal is sustained, that the citation of the Pennsylvania Liquor Control Board entered against the petitioner John R. Trindel, Sr., t/a The Keg, be and is hereby dismissed.