Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant, *v.* Tony & Delilah Reda, t/a Duffy's Tavern, Appellees.

Submitted on briefs March 2, 1983, before President Judge CRUMLISH, JR. and Judges MACPHAIL and BARBIERI, sitting as a panel of three.

*Felix Thau,* Assistant Counsel, with him *J. Leonard Langan,* Chief Counsel, for appellant.

No appearance for appellees.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., August 3, 1983:

The Pennsylvania Liquor Control Board appeals a Beaver County Common Pleas Court order vacating a liquor license suspension. We reverse and remand.

The Board cited Tony and Delilah Reda for maintaining their establishment "in an unsanitary condition on or about July 25, 1981, and on divers other occasions within the past year." It ordered the Redas to show cause why their liquor license should not be suspended. Following a hearing, the Board suspended the license for three days, finding that "[t]he licensed establishment operated by the licensees was maintained in an unsanitary condition, on July 25, 1981. . . ." The Redas appealed to the common pleas court, arguing, *inter alia,* that the citation's failure to specify the nature of the unsanitary condition violated the due process notice requirement. The court sustained the appeal on that basis.

The Board argues that the common pleas court erred in finding the citation violative of due process. We agree. Where a citation informs the licensee as to the type and date of the alleged violation, it comports with the due process notice requirement. *See, e.g., Hawkin Liquor License Case,* 202 Pa. Superior Ct. 100, 195 A.2d 164 (1963). The Liquor Control Board is given wide latitude in the generality of its charges. *Liquor Control Board v. Camiel's Beverage Co.,* 7 Pa. Commonwealth Ct. 654, 300 A.2d 834 (1973).

Because the common pleas court did not reach the merits of the appeal, this case must be remanded to allow it to do so. We do note, however, that the Board's opinion in this matter merely states that the

Redas were guilty of the offense charged in the citation—maintaining their establishment ''in an insanitary condition''—and does not set forth the factual findings for that determination. This does not constitute the requisite statement of the reasons for its order. Section 471 of the Liquor Code;[1] *Camiel's Beverage Co.* Thus, the common pleas court may remand to the Board to obtain a more specific opinion. *Id.*

Reversed and remanded.

### ORDER

The Beaver County Common Pleas Court order in No. 51 Misc. of 1981, dated March 11, 1982, is hereby reversed and this matter is remanded for further proceedings consistent with this Opinion. Jurisdiction relinquished.

---

[1] Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §4-471.