**Pennsylvania Liquor Control Board v. Kern's**

632

*Jonathan. Granoff*, for plaintiff.
*Harold Branar*, for defendant.

LOWE, *P.J.*, December 22, 1983—Defendant owns and operates the Zieglersville Colonial Inn located in Lower Frederick Township, Montgomery County, and is the holder of Hotel Liquor License no. H-482. On February 9, 1983, the Pennsylvania Liquor Control Board suspended defendant's license for a period of 30 days. The board found that: "[t]he licensee, by its servants, agents or employes sold liquor and/or malt or brewed beverages during a time when the licensee's Hotel Liquor License was being held in safekeeping by the Pennsylvania Liquor Control Board, on August 23, Sepember 24, 29, 1982."

Defendant requested and received a de novo hearing before this court. The facts were stipulated. Defendant admitted to selling liquor on the dates identified by the board, and acknowledged that during the period in question its license was being held in safekeeping pursuant to 40 Pa. Code §7.31(a).

At oral argument, defendant alleged that neither the Liquor Code (47 P.S. §1-101 et seq.) nor the regulations promulgated thereunder (40 Pa. Code §1.1 et seq.) contain any prohibition against the sale of liquor while a license is being held in safekeeping, and that due process notice requirements were not met in issuing the citation.

The board countered defendant's argument by observing that 47 P.S. §4-467 (Display of License) requires that "[e]very license issued under this article shall be constantly and conspicuously exposed under transparent substance on the licensed premises and no license shall authorize sales until this section has been complied with." Counsel for the board postulated that because defendant's license was in safekeeping with the board, it could not have been on display and, consequently, the licensee was in violation of 47 P.S. §4-467. He then proceeded to justify the failure to specifically charge defendant with violating 47 P.S. §4-467 by making reference to 47 P.S. §1-104(a). That section requires the court to construe liberally the Liquor Code as an exercise of the Commonwealth's police power. The board concluded its argument by directing the court's attention to 47 P.S. §4-471 which permits the board to penalize a licensee for "any violation of this act or any laws of this Commonwealth relating to liquor . . . or of any regulation of the board . . . or upon any other sufficient cause shown . . . "

On October 4, 1983, this court reversed the determination of the Liquor Control Board for the reason that the board failed to give sufficient notice of the alleged violation. The board now appeals to the Commonwealth Court of Pennsylvania

In its statement pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), the board attempted to defend its action by alleging that under the principles set forth in Commonwealth v. Tony and Delilah Reda, 76 Pa. Commw. 76, 463 A.2d 108 (1983), licensee was accorded sufficient notice. Putting aside the impropriety of the board's advancing an additional argument in its statement, this court finds the Reda case inapplicable to the question presented herein.

In Reda, the Liquor Control Board cited the licensees for maintaining their establishment "in an insanitary condition on or about July 25, 1981, and on divers other occasions within the past year." Reda, supra, 109. The Commonwealth Court of Pennsylvania held that "[w]here a citation informs the licensee as to the type and date of the alleged violation, it comports with the due process notice requirement" and that "[t]he Liquor Control Board is given wide latitude in the generality of its charges." Id., 109. (Citations omitted.) That is undoubtedly the law, however, in Reda, the licensees defended on the ground that the citation failed to specify the nature of the insanitary condition. They did not challenge the fact that an insanitary condition, if found, would constitute a violation of the act. Indeed, they could not. See, e.g., 40 Pa. Code §§5.41, 5.51, and 5.54.

In the case at bar, defendant's due process challenge is more subtle. Defendant argues that the board's citation charges no violation and that the mental gymnastics required to discern the actual basis for the board's action is so attenuated as to offend due process. This court agrees.

It is well established that "there is perhaps no other area of permissible state action within which the exercise of the police powers of a state is more plenary than in the regulation and control of the use and sale of alcoholic beverages." Tahiti Bar, Inc., Liquor License Case, 395 Pa. 355, 360, 143 A.2d 55, 57 (1959). Consequently, obtaining and retaining a liquor license is not a right — it is a privilege. Pennsylvania Liquor Control Board v. Starr, 13 Pa. Commw. 415, 318 A.2d 763 (1974), aff'd., 462 Pa. 124, 337 A.2d 914 (1975). Furthermore, as the board has correctly observed, this court is obligated

to interpret liberally the Liquor Code so as to protect "the public welfare, health, peace and morals of the people of the Commonwealth." 47 P.S. §1-104(a). However, it is equally well established that due process of law is as applicable to administrative agencies as it is to courts. Soja v. Pennsylvania State Police, 500 Pa. 188, 455 A.2d 613 (1982). Dayoub v. State Dental Council and Examining Board, 70 Pa. Commw. 621, 453 A.2d 751 (1982); Bruteyn Appeal, 32 Pa. Commw. 541, 380 A.2d 497 (1977). In this context, the Supreme Court of Pennsylvania recently observed that "a liquor license adds significant use value to a particular premises. Once granted, the license may be arbitrarily revoked." Redevelopment Authority of the City of Philadelphia v. Lieberman, 461 Pa. 208, 222, 336 A.2d 249, 257 (1975).

Although proceedings under the Liquor Code are technically civil in nature, there can be no doubt that in many respects they resemble criminal actions. In Re: The Keg, 23 D.&C.3d 84 (1981). The code is replete with references to potential criminal penalties, including imprisonment. See, e.g., 47 P.S. §§4-463, 4-494, 5-519, and 7-751. Therefore, due process obligates the board to, at the very least, notify licensee of the date and nature of the alleged violation. Hankin Liquor License Case, 202 Pa. Super. 100, 195 A.2d 164 (1963). In the instant case the board failed to satisfy the latter of those requirements.

The citation issued to defendant recites that the alleged violation consists of selling alcoholic beverages while defendant's license was being held in safekeeping. However, the regulation which authorizes the board to hold a license in safekeeping, 40 Pa. Code §7.31(a), makes no mention of any such prohibition. On the contrary, it specifically

states that "[t]he return [to the board] of such license and card will not invalidate the license . . . " Id. It is only after reference is made to the Liquor Code itself, specifically 47 P.S. §4-467 (Display of License), that the alleged violation becomes apparent.*

In Liquor Control Board v. Camiel's Beverage Co., 7 Pa. Commw. 654, 300 A.2d 834 (1973), the Commonwealth Court of Pennsylvania stated that the trial judge is "the individual charged with the responsibility to conduct a de novo hearing and make findings of fact, it seems highly appropriate for him, if he considered the charges to lack specificity, to remand the citation back to the Pennsylvania Liquor Control Board to be more specific. *He might have considered dismissing the citation entirely.* Id., 658. (Emphasis added.) "Requiring a specific citation does not place an undue burden on the Liquor Control Board since the board is in the best position to know the nature of the alleged violation it chooses to bring as well as the section of the Liquor Code allegedly violated." In Re: The Keg, supra, 90. In the case at bar, the board sought to suspend defendant's license for a period of 30 days. That action would have unquestionably resulted in severe financial hardship to licensee. In view of the potentially serious consequences and the failure of the board to provide adequate notice to defendant of the alleged violation, this court chose to dismiss the

---

*Counsel for the board acknowledged that several months after the instant citation was issued, the Liquor Control Board adopted a policy requiring that citations indicate the section of the Liquor Code or regulation under which the board is proceeding. Had that practice been followed here, this court would have had little difficulty in sustaining the board's action.

complaint as authorized by the decision in Camiel's Beverage Co., supra.

In light of the foregoing, the determination of this court should not be disturbed on appeal.