## In Re: Stevens, t/a Shadows

*Thomas Rozycki,* for petitioner.
*William Malone,* for respondent.

BROMINSKI, *J.,* May 6, 1985—This matter comes before the court upon petitioner's appeal of an order and decree of the Pennsylvania Liquor

Control Board suspending petitioner's restaurant liquor license for a period of 20 days. The suspension was ordered for the following reasons:

"(a) The licensee, his servants, agents or employees permitted minors to frequent the licensed premises during the month of October, and (sic) on November 5, 1985.

(b) The licensee, his servants, agents or employees sold, furnished and/or gave or permitted such sale, furnishing and/or giving of liquor and/or malt or brewed beverages to minors during the said time frame."

This matter was heard de novo, at which time the Commonwealth presented the testimony of two witnesses to support the Liquor Control Board's findings, and introduced into evidence certified copies of past history citations issued against petitioner.

The Commonwealth's first witness, Eugene Glevick, testified that, in his capacity as a Liquor Control Board Enforcement Officer, he was involved in an investigation of petitioner's establishment from September 25, 1983 to November 7, 1983, resulting in petitioner being cited and subsequently notified of the violations heretofore mentioned. During the course of the investigation, which on November 5, 1983 culminated in an open inspection of petitioner's patrons for proper identification, it was determined that two minors were present in petitioner's establishment, one of whom was Beth Ann Hoffman, the Commonwealth's second witness. Mr. Glevick testified that the minors did not possess proper identification and were cited for frequenting the licensed premises.

The Commonwealth thereafter called Beth Ann Hoffman, who testified that she ws born on Decem-

ber 5, 1962 and that on November 5, 1983 she had been present in the petitioner's establishment at which time she had been consuming a glass of water. The witness testified that on four previous occasions during the month of October, 1983, she entered petitioner's establishment and had consumed alcohol on two of those occasions. She testified that the first time she entered petitioner's premises, she was asked to furnish identification, at which time she presented her college identification card, bearing what she stated to be her correct birth date, which petitioner accepted.

On cross-examination the witness was questioned as to her prior testimony given before the Liquor Control Board. She testified as to having been asked about the identification card she had used; that the card was one issued by the Luzerne County Community College and contained her picture and the aforementioned birth date, which thereafter the witness admitted was inaccurate. She admitted that upon presenting the card to the doorman at petitioner's etablishment she did not inform the latter of the inaccuracy. The witness stated that she believed she possessed the appearance of being 21 years old; that on November 5, 1983, she was three weeks away from her 21st birthday; that petitioner had not subsequently asked for any identification after her initial visit to his establishment; that on November 5, 1983, she only had the aforementioned college identification card in her posssession, but subsequently was issued an identification card from the Liquor Control Board; and that she did not remember a conversation with Mr. Glevick. The witness concluded her testimony by stating that on November 5, 1983, she had been consuming a glass of water while in petitioner's establishment.

## DISCUSSION

Petitioner has raised several issues in his petition for appeal and supporting briefs, and has cited various cases relating to the court's power to modify the conclusions, findings and penalties of the Liquor Control Board. Specifically, petitioner argues that he is not being afforded equal protection of the law with respect to the board's imposition of a 20 day license suspension; that there has been a material and significant change in the court's findings with respect to the violations cited, and the board's findings on the same, which warrants the court to exercise its discretion and enter a lesser penalty, and that the Commonwealth's citation relating to allowing minors to frequent petitioner's establishment should be dismissed as being vague and indefinite, thus denying petitioner his due process rights.

"Upon appeal, the court so appealed to shall, in the exercise of its discretion, sustain, reject, alter or modify the findings and conclusions of law as found by the court." This appeal is in the nature of a de novo hearing and the court is required to hear testimony to determine whether or not the violations charged have been established by a preponderance of the evidence. In re: Omicron Enterprises, 68 Pa. Commw. 568, 449 A.2d 857 (1982); In re: Revocation of Restaurant Liquor License no. R-12859, 68 Sch. L.R. 78 (1970). Should the Commonwealth fail to meet this burden or the court make significant changes in the findings of the Liquor Control Board, the court may reduce a penalty imposed on a licensee by the board. 47 P.S. §4-471; In re: Noonday Club of Delaware County, Inc., 433 Pa. 458, 252 A.2d 568 (1969); In re: Sobel, Inc., 217 Pa. Super. 130, 269 A.2d 515 (1970).

In the present case we cannot agree with petitioner's first two arguments. Although petitioner makes

reference to another case decided by this court, namely, In re: Jerry Bonner's Inc., t/a Alice A's v. P.L.C.B., citation no. 3386, 1983, no. 1879 of 1984, wherein petitioner received only a three day suspension for allegedly having sold liquor to minors, we are not empowered to reduce the penalty prescribed by the board, in the present case, if such penalty is within the maximum and minimum allowed by statute and there has been no showing that such penalty was arbitrary, made in bad faith, or constituted an abuse of power. E. & S. Motor Transp. Co. v. Pennsylvania Alcohol Permit Board, 295 Pa. 394, 145 A. 536 (1929); Matter of Banks, 53 Pa. Commw. 11, 416 A.2d 631 (1980); In re: Noonday Club, 433 Pa. 458, 252 at 572. Moreover, it is not within the court's power to decide whether and what leniency should be granted to violators of the Liquor Code, or otherwise disturb a suspension, if the facts upon which the suspension is based are substantiated by testimony on appeal. Pine Grove Fish and Game Protective Ass'n. Liquor License Case, 156 Pa. Super. 462, 40 A.2d 885 (1944); Pennsylvania Liquor Control Bd. v. American and Croatian Singing Assoc., 18 Pa. Commw. 614, 336 A.2d 699 (1975). We may only modify or reject petitioner's present suspension if there have been findings of fact which are materially different from those made by the board. In re: Noonday Club, 433 Pa. 458, 252 A.2d at 572; Ashlar Club Liquor License Case, 203 Pa. Super. 502, 201 A.2d 298 (1964).

In the present case the court sustained petitioner's demurrer to the citation which charged that he sold, furnished, and/or furnished, and/or gave liquor and/or malt or brewed beverages to a minor during the month of October, on November 5, 1983, but only to the extent of the latter date. The Commonwealth, nevertheless, established through the testi-

mony of Beth Ann Hoffman that at least on two previous occasions in October, 1983 petitioner has served her alcohol while she was still a minor. It has been held that unequivocal identification of the premises owned by a licensee as the place where a minor purchased alcoholic beverages was sufficient to support an order by the board to suspend a licensee's restaurant liquor license. In re: Omicron Enterprises, Inc., 68 Pa. Commw. 568, 449 A.2d 860; Bates v. Commonwealth, 40 Pa. Commw. 426, 397 A.2d 851 (1979). Therefore, we cannot conclude that the Commonwealth's failure to prove that petitioner sold, furnished or gave alcohol to a minor on November 5, 1983 is sufficient to find the material or substantial change in facts which would permit us to modify or reject the board's penalty, since the Commonwealth has establsihed that such violation nevertheless did occur in the preceding month.

The remaining issue raised by petitioner which alleges that the Commonwealth's citation was vague and indefinite, and thus violates his due process rights, must also be resolved in favor of the Commonwealth. Section 4-471 reads in pertinent part: "No penalty provided by this section shall be imposed by the board or any court for violations provided for in this act unless the enforcement officer or board notified the licensee of its nature and of the date of the alleged violation . . .". Petitioner contends that the citation, as stated, is fatally defective in that it does not specify the Liquor Code section violated and it does not specify the minor who allegedly frequented petitioner's establishment, and therefore petitioner was not properly notified of his alleged violation. The alleged violation was described in the following manner:

"1. You, your servants, agents or employees permitted minors to frequent the licensed premises

during the month of October, on or about November 5, 1983." The court notes that the Commonwealth did specify in its citation, the particular sections alleged to have been violated by petitioner. We are also satisfied that the language of this alleged violation was sufficient to inform petitioner as to the type and dates of the alleged violation. The court finds guidance in various cases decided by our Commonwealth Court. In Pennsylvania Liquor Control Board v. Reda, 76 Pa. Commw. 76, 463 A.2d 108 (1983), that court held that "where a citation informs the licensee as to the type and date of the alleged violation, it comports with the due process notice requirement." Id. at 109. The citation in the present case informed petitioner that he permitted minors to frequent his premises during October and, specifically, on November 5, 1983, and included a reference to the pertinent statutory section. This recital was substantially similar to one provided to petitioner in GTRT, Inc:, t/a Beer and Beverage Center. (Opinion not reported.) The Commonwealth Court held in that case that the relevant citation did not have to be more specific in order for the licensee to have been able to prepare a defense and, citing Liquor Control Board v. Camiel's Beverage Co., 7 Pa. Commw. 654, 300 A.2d 834 (1973), stated that the board has wide latitude in the generality of its charges. Although petitioner cites the case of In re: The Keg, 23 D.&C. 3d 84 (1981) in support of his argument, we find that case to be factually distinct since the citation in that case clearly failed to notify petitioner of the section of the liquor code violated or of the nature of such violation. In the present case the citation contained this information. It is our opinion, therefore, that the citation provided to petitioner fulfilled due process require-

ments and that the Commonwealth has satisfied its burden of proof regarding the violations cited.

For the foregoing reasons, the court enters the following

## ORDER

It is hereby ordered, adjudged and decreed that the appeal of Gary P. Stevens t/a Shadows, is denied.